THE PEOPLE v. JOHN KAHLER.

*Criminal law—Complaint—Venue—Warrant—Videlicet—Evidence— Credibility of witness—Remarks of prosecutor.*

1. The omission of the name of the county from the venue in a complaint made to a justice of the peace in a city, for an offense beyond his jurisdiction to try, and which is alleged to to have been committed in said city, will not affect the validity of the complaint.
2. A warrant charging the sale of spirituous and intoxicating liquors to a minor is not open to objection because of the use of a *videlicet* before the word "spirituous."
3. The mere fact that a witness is in the habit of drinking beer does not affect his credibility, and it is error to allow him to be inquired of on cross-examination as to such habit.
4. It is error to permit a prosecuting attorney, in a case involving the alleged sale of liquor to a minor, to state to the jury that a saloon-keeper is not to be believed, and that witnesses sworn in his behalf, who had admitted on cross-examination that they were in the habit of drinking beer, were entitled to no better credit than the saloon-keeper.

93 MICH.—40.

Exceptions before judgment from Hillsdale. (Lane, J.) Submitted on briefs November 17, 1892. Decided December 2, 1892.

Respondent was convicted of selling liquor to a minor. Conviction reversed. The facts are stated in the opinion.

*C. A. Shepard,* for respondent.

*A. A. Ellis,* Attorney General, and *Spencer D. Bishopp,* Prosecuting Attorney, for the people.

McGRATH, C. J. Respondent was convicted of selling liquor to a minor. In the complaint made to the justice the name of the county was left blank in the venue, but the complaint was made before a justice of the peace in the city of Hillsdale, and alleged the offense to have been committed in that city. Respondent relies upon *People v. Gregory,* 30 Mich. 371; but in that case there was the further objection that no mention was made of the year in which the offense was committed. In the later case of *People v. Telford,* 56 Mich. 541, the Court held that courts take judicial notice of municipalities within their jurisdiction, and that the justice was warranted in taking such notice that the village of Dansville is in Ingham county. In each of those cases the offense was triable by the justice. When a criminal complaint concerns an offense triable by a justice of the peace, the statute requires that it shall be in writing, and it must set forth and describe the alleged offense fully and correctly, and must contain all the essentials of an information. But in a complaint not triable by a justice no such formality or particularity is necessary. In such case the statute does not require either the complaint or the examination of the complainant or the witnesses produced by him to be reduced to writing.

*People v. Clark,* 33 Mich. 120; *People v. Lynch,* 29 Id. 274. The examination which precedes the arrest is not even confined to any particular offense. As is said in *Turner v. People,* 33 Mich. 363, the law does not assume that the complaint must fix and control the after-proceedings. The examination which immediately follows, and is required as a consequence of the complaint, is the proceeding which the statute looks upon as the one to guide the magistrate in deciding whether the warrant should issue, and for what. So far the proceeding is *ex parte.* The information is not predicated upon the complaint or the examination upon which the warrant issues, but it is presumed to have been framed with reference to the facts disclosed at the examination which succeeds the arrest. The objections to the complaint were therefore without force.

The warrant, in describing the offense, alleged that respondent—

"Did then and there unlawfully sell, furnish, and deliver to one Albert R. Rogers, who was then and there a minor under the age of twenty-one years, to wit, of the age of 11 years, a large quantity of, to wit, spirituous and intoxicating liquors, to wit, beer."

It is insisted that the material fact to be proved was the sale of spirituous and intoxicating liquors to a minor, and that the warrant is bad because of the use of the *videlicet* preceding the word "spirituous." This is a pure technicality. The offense need not be stated as in an indictment. It is enough if the warrant informs the accused of the nature of the accusation, if it recites the substance of the offense, and describes it with such certainty as to show that it is within the jurisdiction of the officer to take bail. *Haskins v. Ralston,* 69 Mich. 63.

Dr. Werner, a physician, was called for the defense, and testified that he had been called by the boy's mother to

visit him while he was recovering from the effects of the beer; that his mother told him that she had been in the habit of sending the boy to get beer when she had a hard washing to do; that she claimed that the boy got the beer on the south side of the railroad; that he saw the boy the next morning; that he asked the boy where he got the beer, and he said, "At a saloon on the south side of the railroad;" that respondent's saloon is on the north side. The first question asked upon cross-examination was: "You are in the habit of drinking, are you not?" This question was objected to as incompetent and irrelevant. The objection was overruled, and an exception taken. "*Answer*. I am in the habit of drinking beer when I want it."

One O'Meara, called for the defense, stated that the boy's mother had pointed out the pail that the boy had, and said that she had smelled of it, and it smelled like cider; that he, the witness, had smelled of it, and that he could not say what had been in it. On cross-examination, the first question asked was: "You are in the habit of drinking a good deal? *A*. Not very heavy; no, sir. *Q*. Been several times arrested for being drunk? *A*. No, sir."

The boy had testified that respondent in person sold him the beer. Respondent was sworn in his own behalf. He denied that he had sold the boy the beer; said that he had a talk with the boy, and that the boy claimed that the bartender let him have the beer.

In presenting the case to the jury the prosecuting attorney, referring to respondent, said: "You know what to expect of a man engaged with such a thing. You, gentlemen, understand this saloon business,—what to expect of them." Counsel for respondent excepted. *By the Prosecuting Attorney:* "I have a right to reply, and state my theory of how much his evidence may be believed, or any other man's." Counsel for respondent excepted. *By the*

*Court:* "If there is any such statement made, you can take an exception." *Prosecuting Attorney* (to the jury): "You would not expect that Mr. Kahler or any other man coming upon the stand to testify, and charged with a crime, would admit it." Exception by respondent's counsel. *Prosecuting Attorney* (to the jury): "Dr. Werner has admitted that he drinks, and I don't know that a man who drinks is any more to be believed than the man who sells the liquor." Counsel for respondent called the court's attention to the language used, whereupon the court said: "If there was any such language used, you may take an exception."

The court, in charging the jury, used this language:

"There has been a great deal said here in argument by counsel, and some things stated which are not in evidence; and, in so far as you find such, they should be disregarded. The question is not here what kind of a man the defendant is,—whether he contributes to every public object, whether he be a man who takes care of his family, whether the women of this town are behind the prosecution; there is nothing in the case upon which to found any of these things and similar things said before you. They are not for your consideration. Your verdict is to be founded upon the evidence in the case. * * * The credit of the witnesses is for you. You are to measure the credit in view of all the circumstances which appear in the progress of the trial which may aid you in coming to your conclusion, having the right to disregard the testimony of any witness if you find any good reason developed in the trial for so doing. You should not set aside the testimony of any witness unless you believe there is good reason for so doing."

While this language, abstractly considered, embodies the law, yet the use of it in connection with the testimony erroneously admitted, and the remarks of the prosecuting attorney, was calculated to mislead the jury to defendant's prejudice. Persons accused of crime are entitled to a fair trial. Passion or prejudice should not be allowed to enter

into its conduct. The testimony of parties accused of crime is not necessarily to be disregarded, nor is the testimony of a witness to be disbelieved because he is engaged in the saloon business, nor is a witness to be discredited because he is in the habit of drinking.

The court erred in allowing the question put to the physician on cross-examination. Admitting the testimony under objection must have convinced the jury that the inquiry was material as bearing upon the credibility of the witness. It could have no other purpose. The error was repeated upon the cross-examination of the witness O'Meara.

The court erred in permitting the prosecuting attorney to use the language complained of without rebuke, and in failing to instruct the jury properly in respect thereto. The court did instruct the jury to disregard the language used by the respondent's counsel, but neglected to refer to that used by the prosecuting attorney, and subsequently instructed the jury that they might disregard the testimony of any witness if they found any good reason developed on the trial for so doing. Among the reasons which developed on the trial, two of the respondent's witnesses were men that were in the habit of drinking; the defendant was a saloon-keeper; and the prosecuting officer had said to them, under objection, which the court disregarded, that a man accused of crime would not admit it; that a saloon-keeper was not to be believed; and that a witness who drank was entitled to no better credit than the saloon-keeper; and the court failed to instruct the jury that these were not good reasons.

The conviction must be set aside, and a new trial had.

LONG and DURAND, JJ., concurred with McGRATH, C. J.

MONTGOMERY, J.   I concur in the result reached by the Chief Justice, and agree that the question put to Dr.

Werner on cross-examination was not material to effect his credibility. No effort was made to show that the witness was in the habit of frequenting the respondent's place of business, or that he was intimate with respondent. The mere fact that the witness is in the habit of drinking beer does not affect his credibility. I also concur in the view that the language used by the prosecuting attorney with reference to this witness was not justifiable, and was well calculated to prejudice the respondent, and that the case should be reversed on this ground.

I think, however, that it was the privilege of the prosecutor to comment upon the interest of the respondent in the case. The statute (section 7543) which authorizes parties in civil and criminal cases to become witnesses, in terms provides that "such interest, relationship, or conviction of crime may be shown for the purpose of drawing in question the credibility of such witness." While it is true that the testimony of parties accused of crime is not necessarily to be disregarded, it is a circumstance affecting their credibility, and the prosecutor is authorized to comment upon it.

I do not think the charge of the court open to just criticism.

GRANT, J., concurred with MONTGOMERY, J.