## PEOPLE *v.* NORMAN.

1. COURTS—MODIFICATION OF ORDERS—CLERICAL MISTAKE.

  A court order may be changed to correct a clerical mistake and, where the court has made a reservation of power to modify the order, reflect that reservation (GCR 1963, 528.1).

2. CRIMINAL LAW—INFORMATION—ADDED COUNTS—WAIVER.

  Defendant who waived preliminary examination and pled guilty to an added count of breaking and entering a building with intent to commit larceny after his motion to quash original information was conditionally granted in trial court's opinion *nisi* without formal entry of order, *held*, to have waived non-occurrence of the condition of the opinion *nisi* by his consent to the proceedings, since at the time he pled guilty to the added count, the original information was viable either because it had never been formally quashed or because it was re-activated by the tentative nature of the opinion *nisi* (CL 1948, § 750.110, as amended by PA 1964, No 133).

3. SAME—QUASHING OF INFORMATION—JURISDICTION.

  Quashing an information does not deprive a court of jurisdiction over a defendant, and the complaint before the justice, the warrant, commitment, and return all remain of the same force and virtue as if no information had been presented.

4. SAME—FUNCTION OF COMPLAINT—WARRANT.

  The primary function of the complaint is to move the magistrate to determine whether a warrant shall issue and the justification for issuance of the warrant need not appear in the complaint.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Judgments § 664.
[2] 21 Am Jur 2d, Criminal Law § 495.
[3] 27 Am Jur, Indictments and Information § 143.
[4] 5 Am Jur 2d, Arrest §§ 12–15; 21 Am Jur 2d, Criminal Law §§ 3, 441.
[5] 27 Am Jur, Indictments and Information §§ 2, 13–15, 33, 44, 51.
[6] 21 Am Jur 2d, Criminal Law §§ 325, 442, 446.
[7, 8] 21 Am Jur 2d, Criminal Law §§ 442, 446, 447, 450.

5. SAME—INFORMATION—COMPLAINT—EXAMINATION.

An information is not predicated upon the complaint or the examination upon which the warrant issues, but is presumed to have been framed with reference to the facts disclosed at examination which succeeds the arrest.

6. SAME — EXAMINATION — INFORMATION ON DISTINCT OFFENSES — WAIVER.

An accused cannot be informed against until a judicial determination upon the preliminary examination that a crime has been committed and there is probable cause to believe him guilty, and he may not be tried for an offense different from the one for which he was examined or for which he waived examination, but where he fails to object before pleading to an information charging an offense district from that for which he was examined upon the complaint, he will be deemed to have waived the defect.

7. SAME—WAIVER OF COMPLAINT, WARRANT, AND EXAMINATION.

A defendant who is within the court's jurisdiction on a pending complaint may waive a new complaint and warrant preceding preliminary examination, just as he may waive preliminary examination itself.

8. SAME—INFORMATION—ADDED COUNT—WAIVER OF EXAMINATION.

Waiver of preliminary examination and a plea of guilty by defendant to an added count charging breaking and entering with intent to commit larceny to an information originally charging breaking or attempting to break a safe, which was conditionally quashed by trial court's opinion *nisi, held,* to amount to consent to the added count and waiver of the omitted proceedings which would otherwise have been required (CL 1948, § 750.110, as amended by PA 1964, No 133; § 750-.531).

Appeal from Wayne; Baum (Victor J.), J. Submitted Division 1 April 4, 1967, at Detroit. (Docket No. 2,521.) Decided March 21, 1968. Leave to appeal denied September 4, 1968. See 381 Mich 773.

Gerald George Norman was convicted of breaking and entering a building with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Max E. Klayman,* for defendant.

LEVIN, J. The information originally filed charged the defendant with breaking or attempting to break, burn, blow up, or otherwise injure or destroy a safe, vault, or depository of money or other valuables in a building or place on October 13, 1965, with intent to commit larceny in violation of CL 1948, § 750.531 (Stat Ann 1954 Rev § 28.799).

The defendant moved to quash that information. The trial judge concluded that the statute violated the United States Constitution, Am 14, in not forewarning with definiteness precisely what conduct is criminal,[1] but he stated his opinion was tentative, was not based upon adequate opportunity to research and consider the matter, and he would therefore "make this opinion and decision only provisional. It shall be treated as opinion *nisi.*"[2] The court then said the prosecuting attorney would have 30 days within which to submit a brief, after which defense counsel could submit a reply brief.

A formal order was not entered on the basis of that provisional opinion. However, the judge's journal of February 11, 1966, contains the following en-

---

[1] The trial judge stated: "by title or label, it [the statute] suggests that there must be assaultive conduct for the crime, and on the other hand, burys in the multifarious language of the statute an offense which does not require such conduct." The judge added that the statute might also be objectionable in that it "embraces more than one subject." The question of the statute's constitutionality is not an issue on this appeal. We intimate no opinion thereon.

[2] An opinion *nisi* is "one which is to stand as valid and operative *unless* the party affected by it shall appear and show cause against it, or take some other appropriate step to avoid it or procure its revocation." Black's Law Dictionary (4th ed, 1951), p 1197.

try: "Motion to quash for defendant, Gerald G. Norman, granted." The journal was signed with the facsimile of the judge's signature on February 14, 1966.

On February 24, 1966, the assistant prosecuting attorney moved to add to the information a count alleging that the defendant broke and entered a building with intent to commit larceny in violation of CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305). Defense counsel stated he had no objection to the addition of the count, and the court directed its addition. The defendant personally waived preliminary examination on the added count, was convicted on his plea of guilty and sentenced.

On appeal the defendant claims that after the original information was quashed another count could not be added without new proceedings before a magistrate and the filing of a new information, and that the old information could not be amended to charge a distinct and different crime not included in the complaint and warrant.

The defendant suggests that since it is not the practice to enter a formal order where a motion to quash is granted, the journal entry might be treated as an order; and, since courts speak through their orders rather than their opinions,[3] the order

---

[3] "It is axiomatic that courts speak through their orders and decrees, not through colloquy between judge and counsel." *Piercefield* v. *Remington Arms Company, Inc.* (1965), 375 Mich 85, 90. However, see *Lewis* v. *Wayne County Sheriff* (1953), 335 Mich 640, and *Blickle* v. *Kent Probate Judge* (1920), 211 Mich 216, concerning the effectiveness between the parties of oral judgments by the trial judge upon the conclusion of a hearing. The statutory provision (CL 1948, § 602.55 [Stat Ann § 27.192]), concerning the journal of the court, referred to in *Lewis* v. *Wayne County Sheriff, supra,* was not carried forward into the revised judicature act. However, see GCR 1963, 522.3 requiring the clerk of each court to "keep a permanent record of all proceedings before the court which shall be designated a journal. The judge shall sign the journal for each day in which entries appear to indicate the official character of the orders, judgments and proceedings therein for that day." As to

so entered quashed the information without reservation of a power to modify. We find no need to rule whether a journal entry may be treated, or function, as an order where it is not the practice to enter a formal order.[4] If the journal entry were deemed to be an order, it could, like any other order, be changed to correct a clerical mistake and, thus, reflect the court's clear reservation ("shall be treated as opinion *nisi*") of the power to modify the order. GCR 1963, 528.1.[5]  Compare *Kintz* v. *Galvin* (1922), 219 Mich 48.

However, the matter may be viewed, at the time the new count was added and the guilty plea accepted, the court had before it a viable information—one that either had never been quashed because no order had been entered, or one which was reactivated by virtue of the tentative nature of the earlier action. The defendant's consent to the procedures followed waived nonoccurrence of the condition upon which the judge had made his determination provisional, and his consent makes it unnecessary for us to decide whether a trial judge can properly set aside a decree *nisi* without occurrence of the condition specified in the judgment.

Quashing the information did not deprive the court of jurisdiction over the defendant on the original complaint.

"The complaint before the justice, his warrant, commitment, and return were still of the same force and virtue as the basis for an information as if that

the application of the general court rules of 1963 to criminal cases see footnote No 5 and last sentence of GCR 1963, 522.1.

4 See *Hartman* v. *Roberts-Walby Enterprises, Inc.* (1968), 380 Mich 105, holding that a journal entry is not a judgment or order for purposes of computing time for filing a claim of appeal.

5 The general court rules of 1963 "apply to criminal cases, except as otherwise provided by rule or statute, and except when it clearly appears that they apply to civil actions only, or where statutes or special court rules provide a different procedure." GCR 1963, 785.1 (1).

which had been quashed had never been presented.
\* \* \*

"The court had lost no jurisdiction of the prisoner by the void or defective information which had been quashed." *Mentor* v. *People* (1874), 30 Mich 91, 93.[6]

The statute does not prescribe the form of a complaint. The primary function of the complaint is to move the magistrate to determine whether a warrant shall issue, and the justification for issuance of the warrant need not appear in the complaint. *Turner* v. *People* (1876), 33 Mich 363. The complaint does not "fix and control the after-proceedings." *People* v. *Kahler* (1892), 93 Mich 625, 627. See, also, *People* v. *Pichette* (1897), 111 Mich 461, 462. "The information is not predicated upon the complaint or the examination upon which the warrant issues, but it is presumed to have been framed with reference to the facts disclosed at the examination which succeeds the arrest." *People* v. *Kahler, supra*, p 627.

While an accused cannot be informed against until a judicial determination upon the preliminary examination that a crime has been committed and that there is probable cause to believe him guilty,[7] and while he may not be tried for an offense different from the one for which he was examined or waived examination,[8] it has been said that where he fails before pleading to object to an information charging an offense distinct from that for which he was examined upon the complaint, he will be deemed to have waived the defect. *People* v. *Jones* (1872), 24 Mich 215, 218.

---

[6] The principle stated was also applied in *Dimmers* v. *Hillsdale Circuit Judge* (1939), 289 Mich 482, 488, and *People* v. *Miklovich* (1965), 375 Mich 536, 539.

[7] *Turner* v. *People, supra,* p 371; *People* v. *Evans* (1888), 72 Mich 367, 387; *People* v. *Monick* (1938), 283 Mich 195, 199; *People* v. *Dochstader* (1936), 274 Mich 238, 243.

[8] *People* v. *Handley* (1892), 93 Mich 46, 48; *Stuart* v. *People* (1879), 42 Mich 255, 259.

In *People* v. *Handley* (1892), 93 Mich 46, *People* v. *Monick* (1938), 283 Mich 195, and *People* v. *Donovan* (1924), 228 Mich 149, 151, 152, the defendants timely objected to amendments charging offenses which had not been the subject of a preliminary examination; and in *People* v. *Dochstader* (1936), 274 Mich 238, the defendant made timely objection that the information as originally filed charged an additional offense distinct from the one charged in the complaint and warrant, a preliminary examination having been held on the complaint charge only. In those cases the defendants prevailed. Timely objection distinguishes those cases from the one · here for decision.

We acknowledge that in *Mentor* the new information's charge was identical with the charge · in the quashed information. However, considering the limited function of the complaint and warrant in a felony case,[9] we see no reason why a defendant who is within the court's jurisdiction on a pending complaint (here, the safecracking charge), may not waive a new complaint and warrant preceding preliminary examination, just as he may waive preliminary examination itself.[10] Our Supreme Court has so held. In *People* v. *Jones, supra,* the defendant was examined before the magistrate on one offense, but the information charged him with (p 218) "a distinct offense from that charged in the complaint, and upon which defendant was examined". The defendant pleaded not guilty and

[9] The complaint here charged a felony. We do not wish to be understood as saying that in a case (*e.g.*, misdemeanor) where the complaint and warrant take the place of an information, different standards might not be required. Compare *People* v. *Jackman* (1893), 96 Mich 269, 274 (misdemeanor), with *People* v. *Shuler* (1904), 136 Mich 161, 166 (felony).

[10] As to waiver of preliminary examination, see *People* v. *Sanford* (1925), 233 Mich 112, 115; *People* v. *Losinger* (1951), 331 Mich 490, 497; *People* v. *Tate* (1946), 315 Mich 76; and *People* v. *Wright* (1891), 89 Mich 70, 76.

went to trial. After the State introduced its evidence, the defendant moved for discharge on the grounds there had been no complaint against him for the crime alleged in the information and he had never been examined upon the charge contained in the information. The court ruled (pp 218, 219):

"Had this motion been made before pleading not guilty to the information, it must have prevailed. But as the statute expressly authorizes a defendant to waive an examination, we think it clear  *  *  * that he may waive it as well when called upon to plead to the information, as when brought before the magistrate for examination; and we think the plea of not guilty must be treated as such waiver."

We conclude that when the defendant Norman waived preliminary examination on, and pleaded guilty to, the added count, he validly consented to its addition and waived the omitted proceedings which would otherwise have been required. Defendant, having consented and agreed to the procedures followed, may not now be heard to challenge them.

Affirmed.

T. G. KAVANAGH, P. J., and VANDER WAL, J., concurred.