PEOPLE v HUNT

Docket No. 95087. Decided May 28, 1993. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, vacated the judgments of the Court of Appeals and the circuit court and remanded the case to the district court for further proceedings.

Arthur E. Hunt was charged in the 67-4 District Court, Ronald W. Black, J., with gross indecency between males and kidnapping. The court denied the people's motion to amend the information to instead charge third-degree criminal sexual conduct. The Genesee Circuit Court, Valdemar L. Washington, J., affirmed. The Court of Appeals, MICHAEL J. KELLY, P.J., and JANSEN and TAYLOR, JJ., denied leave to appeal (Docket No. 150428). The Supreme Court remanded the case to the Court of Appeals, 439 Mich 979 (1992), for consideration as on leave granted. Thereafter, the Court of Appeals, MACKENZIE, P.J., and WAHLS and SULLIVAN, JJ., affirmed in an unpublished opinion per curiam, reasoning that the amendment would have been proper only if there was no unfair surprise or prejudice to the defendant, and held that those criteria were not met (Docket No. 150792). The people seek leave to appeal.

In an opinion per curiam, signed by Justices BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, the Supreme Court *held:*

Because there was no unfair surprise, inadequate notice, or an insufficient opportunity to defend against the accusation, the amendment should have been allowed.

1. The primary function of the preliminary examination is to determine whether a crime has been committed and, if so, whether there is probable cause to believe that the defendant committed it. The right is a creation of a statute; it is not required by the federal or state constitutions. Absent the required showing of probable cause, there cannot be a proper bindover to circuit court.

2. In this case, sufficient proofs were presented at the preliminary examination to support a bindover on either charge. The amendment would not have caused prejudice because of unfair surprise, inadequate notice, or insufficient opportunity to defend.

Chief Justice CAVANAGH concurred only in the result.

Vacated and remanded for further proceedings.

Justice LEVIN, dissenting, stated that peremptory disposition, without plenary consideration, full briefing, oral argument, and an opportunity for the profession to file briefs as amici curiae, should be reserved for cases in which the law is settled and factual assessment is not required. In this case, factual and legal assessment is required. Thus, peremptory disposition is not appropriate.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Shirley J. Whitsitt,* Assistant Prosecuting Attorney, for the people.

*Dean T. Yeotis* for the defendant.

PER CURIAM. The issue in this case is whether the district judge who presided over the defendant's preliminary examination erred in denying the prosecutor's motion to amend count II to charge third-degree criminal sexual conduct, instead of gross indecency between males. We are persuaded that the amendment should have been allowed.

I

The defendant was charged in a complaint and warrant with gross indecency between males[1] and kidnapping.[2] The alleged victim was a thirteen-year-old boy with whom the defendant was acquainted.

The boy and a neighbor were the only witnesses at the defendant's preliminary examination. The boy testified that the defendant had sexually assaulted him, and then forced him into his vehicle the next day upon learning that the boy had

[1] MCL 750.338; MSA 28.570.
[2] MCL 750.349; MSA 28.581.

reported the assault to his mother. The neighbor witnessed the incident on the second day.

At the conclusion of the preliminary examination, the assistant prosecutor moved to amend the information to charge third-degree criminal sexual conduct,[3] instead of gross indecency between males. She explained that the victim had testified to sexual penetration, whereas authorities previously had been aware only of sexual contact.

The district judge refused to permit the amendment, reasoning:

> You can't increase the penalty unless you've given prior notice that you intend to do that no matter what the witness says in open court.[4]

Accordingly, the court bound the defendant over for trial on charges of gross indecency and kidnapping.

The prosecution appealed to the circuit court, which affirmed the district judge's ruling. The Court of Appeals then denied the prosecutor's application for leave to appeal,[5] but this Court remanded the matter for consideration as on leave granted.[6]

In an unpublished opinion per curiam,[7] the Court of Appeals subsequently affirmed the circuit court's decision. The panel said that although the lower courts had the authority to amend the information at the conclusion of the preliminary exami-

---

[3] MCL 750.520d; MSA 28.788(4).

[4] The maximum penalty for third-degree criminal sexual conduct is fifteen years imprisonment, whereas the maximum penalty for gross indecency between males is five years imprisonment.

[5] *People v Hunt,* unpublished order of the Court of Appeals, decided March 31, 1992 (Docket No. 150428).

[6] *People v Hunt,* 439 Mich 979 (1992).

[7] *People v Hunt,* unpublished opinion per curiam of the Court of Appeals, decided October 8, 1992 (Docket No. 150792).

nation, the error was harmless. The Court of Appeals reasoned that amendment would have been proper only if there were no unfair surprise or prejudice to the defendant, and that those criteria were not met here.

The prosecution has applied for leave to appeal, asking this Court to decide the issue.

## II

The right to a preliminary examination in Michigan is a creation of statute.[8] There is no federal or state constitutional requirement. *People v Johnson,* 427 Mich 98, 103; 398 NW2d 219 (1986); *People v Hall,* 435 Mich 599, 603; 460 NW2d 520 (1990).

The primary function of the preliminary examination is to determine whether a crime has been committed and, if so, whether there is probable cause to believe that the defendant committed it. The preliminary examination thus serves the public policy of ceasing judicial proceedings where there is a lack of evidence. *Johnson* at 104-105.

At the same time, the preliminary examination helps to satisfy the constitutional requirement that the defendant "be informed of the nature of the accusation" against him. *Id.*; Const 1963, art 1, § 20.

Absent the required showing of probable cause by the prosecution, there cannot be a proper bindover. It is the bindover, or waiver, that authorizes the prosecution to file an information against the defendant in circuit court:

An information shall not be filed against any person for a felony until such person has had a preliminary examination therefor, as provided by

---

[8] See MCL 766.1 *et seq.*; MSA 28.919 *et seq.*

law, before an examining magistrate, unless that person waives his statutory right to an examination. [MCL 767.42(1); MSA 28.982(1).]

However, the information "is not predicated upon the complaint or the examination upon which the warrant issues . . . ." *People v Kahler,* 93 Mich 625, 627; 53 NW 826 (1892). Rather the information is "presumed to have been framed with reference to the facts disclosed at the examination which succeeds the arrest." *Id.* Indeed, an examining magistrate may examine not only the truth of the charge in the complaint, but also other pertinent matters related to the charge. The magistrate is not bound by the limitations of the written complaint. *People v Dochstader,* 274 Mich 238, 243; 264 NW 356 (1936).

### III

In the instant case, the defendant was charged with gross indecency between males. In order to secure a bindover to circuit court for trial, the prosecution was required to prove that the defendant voluntarily committed a sexual act with the alleged victim, and that the victim was younger than sixteen. MCL 750.338; MSA 28.570.[9] The prosecution unquestionably satisfied its burden by virtue of the victim's testimony at the preliminary examination.

On the basis of the victim's testimony that the defendant's penis had penetrated the victim's anus, the prosecution sought to have the defendant bound over for trial on the more serious charge of third-degree criminal sexual conduct. The assistant prosecutor explained that she had not been aware of the penetration before the

[9] See CJI2d 20.31.

preliminary examination because the investigative report described sexual contact only.

In order to secure a bindover for trial on a charge of third-degree CSC, the prosecution was required to prove that the defendant penetrated the victim's anus with his penis for a sexual purpose, and that the victim was between the ages of thirteen and sixteen. Again, the victim's testimony met the prosecutor's burden. Any penetration, no matter how slight, is sufficient to satisfy the "penetration" element of third-degree CSC. MCL 750.520d, 750.520a(*l*); MSA 28.788(4), 28.788(1)(*l*).[10]

Having determined that there were sufficient proofs presented at the preliminary examination to support a bindover on either a charge of gross indecency or a charge of third-degree CSC, the question then becomes whether the amendment requested by the prosecution would have caused unacceptable prejudice to the defendant because of unfair surprise, inadequate notice, or insufficient opportunity to defend. These factors are relevant to the defendant's right to a fair opportunity to meet the charges against him. *Johnson* at 109. We hold that the amendment would not have caused such prejudice.

First, the defendant has not suggested, nor are we able to discern, how his attorney's questioning of the alleged victim at the preliminary examination would have been different had the defendant initially been charged with third-degree criminal sexual conduct. There is no dispute concerning the victim's birth date, and his testimony was adequate to show either the "sexual contact" element of gross indecency or the "penetration" element of third-degree CSC.

---

[10] See CJI2d 20.12, 20.14.

Second, we note that the assistant prosecutor suggested to the district judge that the victim be recalled to answer additional questions, in light of the motion to amend the charge. We believe that this opportunity for further questioning effectively would have counteracted any disadvantage that the defendant might have suffered as a result of the amendment.

The fact that third-degree CSC carries a more severe maximum penalty than does gross indecency does not, by itself, constitute unacceptable prejudice. Here, where the elements of both offenses were shown and the defendant has not suggested anything that his attorney would have done differently, we are unpersuaded that there was *unfair* surprise, *inadequate* notice, or an *insufficient* opportunity to defend against the accusations lodged against him.

IV

For the reasons given, and in lieu of granting leave to appeal, we vacate the judgments of the Court of Appeals and the circuit court and we remand this matter to the district court. MCR 7.302(F)(1). The district court, upon proper motion by the prosecutor, shall amend count II to charge third-degree criminal sexual conduct instead of gross indecency. Upon proper motion by counsel for the defendant, the district court may permit further questioning of the alleged victim.

We vacate our order of November 24, 1992, that stayed proceedings in the circuit court pending further order of this Court.

We do not retain jurisdiction.

BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

CAVANAGH, C.J., concurred only in the result.

LEVIN, J. (*dissenting*). I would grant or deny leave to appeal, and dissent from the peremptory reversal of the Court of Appeals.

Today's opinion reflects an increasingly common method of deciding cases, a method that does not provide safeguards against hasty and ill-considered decisions, a method that is unsafe.

When this Court grants leave to appeal, there is an opportunity to educate the justices concerning the state of the record and the law through oral argument, as well as visually through briefs. A justice who may have missed a significant point of law or fact on a perusal of the briefs might be enlightened and persuaded in the course of oral argument.

Peremptory disposition, without plenary consideration, full briefing, oral argument, and an opportunity for the profession to file briefs as amici curiae, should be reserved for cases in which the law is settled and factual assessment is not required.* In the instant case, as indicated in the

---

\* *People v Wright,* 439 Mich 914, 914-915 (1992) (LEVIN, J., dissenting); *Roek v Chippewa Valley Bd of Ed,* 430 Mich 314, 322; 422 NW2d 680 (1988) (LEVIN, J., separate opinion); *Grames v Amerisure Ins Co,* 434 Mich 867, 868-875 (1990) (LEVIN, J., dissenting); *People v Little,* 434 Mich 752, 769-770; 456 NW2d 237 (1990) (LEVIN, J., dissenting); *People v Wrenn,* 434 Mich 885, 885-886 (1990) (LEVIN, J., dissenting); *Harkins v Northwest Activity Center, Inc,* 434 Mich 896, 899 (1990) (LEVIN, J., dissenting); *Dep't of Social Services v American Commercial Liability Ins Co,* 435 Mich 508, 515; 460 NW2d 194 (1990) (LEVIN, J., separate opinion); *Yahr v Garcia,* 436 Mich 872, 872-873 (1990) (LEVIN, J., dissenting); *Universal Underwriters Ins Co v Vallejo,* 436 Mich 873, 873-874 (1990) (LEVIN, J., dissenting); *People v Stephens,* 437 Mich 903, 903-910 (1991) (LEVIN, J., dissenting); *People v Berkey,* 437 Mich 40, 54; 467 NW2d 6 (1991) (LEVIN, J., dissenting); *Turner v Washtenaw Co Rd Comm,* 437 Mich 35, 38-39; 467 NW2d 4 (1991) (LEVIN, J., separate opinion); *Lepior v Venice Twp,* 437 Mich 955, 956-966 (1991) (LEVIN, J., dissenting); *Rochester Hills v Southeastern Oakland Co Resource Recovery Authority,* 440 Mich 852, 852-856 (1992) (LEVIN, J., dissenting); *In re Reinstatement of Eston (Grievance Administrator v Eston),* 440 Mich 1205, 1206-1207 (1992) (LEVIN, J.,

majority opinion, factual and legal assessment is
required. Peremptory disposition is not appropri-
ate.

This Court should grant or deny leave to appeal.

---

dissenting); *In re Reinstatement of Callanan,* 440 Mich 1207, 1207-
1209 (1992) (LEVIN, J., dissenting); *McFadden v Monroe Civil Service
Comm,* 440 Mich 890, 890-891 (1992) (LEVIN, J., dissenting); *Holly Twp
v Dep't of Natural Resources (Holly Twp v Holly Disposal, Inc),* 440
Mich 891, 891-893 (1992) (LEVIN, J., dissenting); *Marzonie v ACIA,* 441
Mich 522, 535-539; 495 NW2d 788 (1992) (LEVIN, J., dissenting);
*People v Waleed,* 441 Mich 902, 902-903 (1992) (LEVIN, J., dissenting);
*People v Hardison,* 441 Mich 913, 914-916 (1993) (LEVIN, J., dissent-
ing); *People v Justice,* 441 Mich 916, 917-919 (1993) (LEVIN, J.,
dissenting).

See *Schweiker v Hansen,* 450 US 785, 791; 101 S Ct 1468; 67 L Ed
2d 685 (1981) (Marshall, J., dissenting) ("A summary reversal is a rare
disposition, usually reserved by this Court for situations in which the
law is settled and stable, the facts are not in dispute, and the decision
below is clearly in error"); *Leis v Flynt,* 439 US 438, 457-458; 99 S Ct
698; 58 L Ed 2d 717 (1979) (Stevens, J., dissenting) ("Summary
reversal 'should be reserved for palpably clear cases of . . . error.'
*Eaton v Tulsa,* 415 US 697, 707 [94 S Ct 1228; 39 L Ed 2d 693 (1974)]
[Rehnquist, J., dissenting]").