*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Cross-Appellant,

v

JIMMY DILWORTH,

        Defendant-Cross-Appellee.

UNPUBLISHED
November 19, 2020

No. 346889
Oakland Circuit Court
LC No. 2018-266939-FH

Before: BOONSTRA, P.J., and CAVANAGH and BORRELLO, JJ.

PER CURIAM.

Following a jury trial, defendant was found guilty of possession with the intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), and possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*). Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to one year in jail for both convictions. While defendant appealed to this Court as of right he also filed a motion for a new trial with the trial court on the basis of ineffective of assistance of counsel. The trial court granted defendant a new trial. In response, the prosecutor filed a cross-appeal arguing that the trial court abused its discretion by granting defendant's motion for a new trial. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

During the execution of a search warrant on defendant's home, police found a digital scale which had cocaine residue on it, a box of sandwich bags, a box of baking soda, a respiratory mask, and documents with defendant's name on them. In the kitchen of defendant's apartment, police found large quantities of plastic sandwich bags that had the corners cut off of them, large quantities of unused plastic sandwich bags, Chore Boy scrubbing pads, and lottery tickets. In the trunk of a Dodge Stratus, which defendant was previously observed unlocking and doing something in the trunk, police located a total of 34.6 grams of heroin in an air filter which was packaged in individual 3.5-gram bags, .6 grams of heroin in a pill bottle, and 1.8 grams of alleged cocaine powder.

As indicated above, following his convictions and sentences, defendant filed a claim of appeal with this court and a motion for a new trial with the trial court. In his motion for a new

trial, defendant set forth two theories on which he alleged his trial counsel provided ineffective assistance. First, defendant argued, trial counsel was ineffective for failing to file a motion to quash the information following the preliminary examination. As to the first theory, defendant argued that his trial counsel should have filed a motion to quash because he was erroneously bound over on the possession of cocaine charge for powder that was found in the trunk of the Stratus which, according to the state's lab reports, tested negative as a controlled substance. As to the second theory, which was the theory the trial court based its ruling, defendant argued that his trial counsel was ineffective for failing to object to Detective Flaviani's trial testimony that cocaine was found in the trunk of the Stratus, despite the fact that the state's lab results stated that the powder tested negative as a controlled substance. Defendant argued that Detective Flaviani's testimony was highly prejudicial and likely the reason that defendant was found guilty of possessing cocaine.

Responding to defendant's first theory, the prosecutor argued that defendant's trial counsel was not ineffective for failing to file a motion to quash because the motion would have been futile, the prosecutor was free to amend their theory before trial, and, even if the possession of cocaine charge was dismissed, the information could have been amended to reinstate the charge on the basis of the cocaine residue As to defendant's second theory, the prosecutor argued that not objecting was a reasonable strategic decision because an objection would have highlighted the testimony, and by not objecting to the testimony, Detective Flaviani's credibility was undermined by the lab report and testimony of other witnesses who testified that the powder found in the Stratus was not a controlled substance. Furthermore, the prosecutor argued that defendant could not demonstrate prejudice because the lab report which indicated that the powder was not a controlled substance was admitted as evidence, and the prosecutor's entire closing argument related to the cocaine residue found on the scales at defendant's shared home.

Following arguments, the trial court concluded there was a "real mess-up" with the testimony regarding the cocaine and that "Detective Flaviani indicated twice during his testimony that he located 1.8 grams of cocaine powder, even though the lab report didn't reflect any other substances located in the trunk tested positive for cocaine." The trial court made no finding with regard to whether defense counsel was ineffective for failing to file a motion to quash, but concluded that it was "clear" that defense counsel's failure to object to Detective Flaviani's testimony was objectively unreasonable, prejudiced defendant, and there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. In so concluding, the trial court specifically found:

> … [s]o this motion is here on defendant's motion for a new trial. And … it's clear that -- and there's nothing to object to, that counsel's failure to object at trial regarding the cocaine location and the testimony of the detective, that there was objectively unreasonable -- that his failure to object at trial was objectively unreasonable and that it did prejudice defendant to the point that there was a reasonable probability that but for counsel's errors, the results of the proceedings would have been different. And that's under People versus Armstrong, 590 [sic] Mich 281, 2011 case. I don't think I can bifurcate, so both counts then will be granted a new trial and we'll set a date …

This appeal ensued.

## II. ANALYSIS

"We review for an abuse of discretion a trial court's decision to grant or deny a new trial. An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes." *People v Russell*, 297 Mich App 707, 715; 825 NW2d 623 (2012) (quotation marks and citations omitted). A mere difference in judicial opinion does not establish an abuse of discretion. *People v Johnson*, 502 Mich 541, 564-565; 918 NW2d 676 (2018). Whether a defendant has been denied the effective assistance of counsel is a mixed question of law and fact. *People v Miller*, 326 Mich App 719, 726; 929 NW2d 821 (2019). This Court reviews questions of law de novo and a trial court's findings of fact for clear error. *Id*. "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Thompson*, 314 Mich App 703, 720; 887 NW2d 650 (2016).

Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense. Const 1963, art 1, § 20; US Const, Am VI. In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different. *Strickland v Washington*, 466 US 668, 694-696; 104 S Ct 2052; 80 L Ed2d 674 (1984); see, also, *People v Armstrong,* 490 Mich 281, 290; 806 NW2d 676 (2011); *People v Trakhtenberg*, 493 Mich 38, 51-52; 826 NW2d 136 (2012).

We address the prosecutor's claims of error in the order they were presented. First, the prosecutor argues that trial counsel's failure to bring a motion to quash the information did not constitute ineffective assistance of counsel because such a motion would have been futile. The prosecutor bases this conclusion on the theory that the possession of less than 25 grams of cocaine charge was viable based on either the alleged cocaine found in the trunk of the Stratus or the cocaine residue found on the scale in defendant's apartment. As such, had trial counsel formally brought a motion to quash, and presuming such motion was granted, the prosecutor would be allowed an opportunity to amend its theory and factual basis to support the charge prior to trial. Moreover, even if the charge was dismissed, the prosecutor could have amended the information to add a possession of less than 25 grams of cocaine charge based on the cocaine residue.

We concur with the prosecution on this point, in large part based on our holding that "[a]n information may be amended at any time before, during, or after trial to cure any defect, imperfection, or omission in form or substance, including a variance between the information and the proofs, as long as the accused is not prejudiced by the amendment and the amendment does not charge a new crime." *People v Higuera*, 244 Mich App 429, 444; 625 NW2d 444 (2001); MCL 767.76; MCR 6.112(H) (establishing that "[t]he court before, during, or after trial may permit the prosecutor to amend the information . . . unless the proposed amendment would unfairly surprise or prejudice the defendant.") An amendment may prejudice a defendant if it causes " 'unfair surprise, inadequate notice, or insufficient opportunity to defend.' " *People v McGee*, 258 Mich App 683, 688; 672 NW2d 191 (2003), quoting *People v Hunt*, 442 Mich 359, 364; 501 NW2d 151 (1993). Where a defendant is aware of the possibility of a proposed amendment prior to trial, even if the notice is provided on the same day as trial, the defendant cannot establish that he was unfairly surprised. *People v Perry*, 317 Mich App 589, 594-595; 895 NW2d 216 (2016).

While our prior decisions regarding the statutory right of the prosecutor to amend the information lead us to concur with the prosecutor's arguments that defense counsel was not ineffective for failing to file a motion to quash, this was not the theory on which the trial court granted relief. Rather, the trial court based its decision solely on a finding that trial counsel was ineffective for failing to object to Detective Flaviani's testimony of cocaine being found in the trunk of the Stratus when the state's lab report clearly revealed that no controlled substances were present in the trunk.

Beginning with *Strickland*, 466 US at 689, reviewing courts have been advised that when examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from sound trial strategy. See also, *Trakhtenberg*, 493 Mich at 52. Moreover, we have been instructed not to insulate our review of trial counsel's performance simply by calling it trial strategy. *Strickland*, 466 US at 690-691; *Trakhtenberg*, 493 Mich at 52. Here, the prosecutor argues that trial counsel's failure to object to Detective Flaviani's testimony did not constitute ineffective assistance of counsel because not objecting was a matter of trial strategy. In support of this argument, the prosecutor advances numerous theories regarding strategic reasons for trial counsel to remain silent, none of which we find persuasive.

During trial, Detective Flaviani testified that he found:

In a gray cylinder cold filter or the circular air filter, inside was a plastic baggie with approximately 34.6 grams of heroin. They were packaged like in 3.5 grams, also known as an eight-ball, individual packaging.

And then there was also .6 grams of heroin in a pill bottle, as well as 1.8 grams of cocaine powder…

In addition to the above-cited testimony, Detective Flavianni repeatedly testified, without objection from defense counsel, that he found cocaine in the trunk of the Stratus. For example, in addition to the previously cited testimony, Detective Flaviani identified the prosecution's Exhibit 13, stating, "[t]his would be 1.8 grams of cocaine. It was in the baggie here, it's in the powder substance" and noted that it was the same condition as it was when he found it in the trunk of the Stratus. Detective Flaviani also identified the prosecution's Exhibit 10 as a photograph that depicted the trunk of the Stratus, and stated that, in the photograph, the jury could see "soft cocaine on the left, which is 1.8 grams." However, according to the state's lab report, a copy of which was in the possession of defense counsel, the powder found in the trunk was not a controlled substance.

Review of the record reveals that other than Detective Flaviani's testimony, the only other evidence supporting defendant's convictions for possessing less than 25 grams of cocaine was the residue found on a scale in defendant's shared apartment. Additionally, Detective Flaviani's testimony bolstered the evidence to support defendant's possession with the intent to deliver less than 50 grams of heroin conviction.

Bearing in mind that "[a]n abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes, *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017), on this record, we cannot conclude that the trial court abused its discretion

when finding that defense counsel's failure to object to Detective Flaviani's testimony fell below an objective standard of reasonableness. Additionally, noting that we review a trial court's factual findings for clear error, *Miller*, 326 Mich App at 726, which occurs if "the reviewing court is left with a definite and firm conviction that the trial court made a mistake, *People v Douglas,* 496 Mich 557, 592; 852 NW2d 587 (2014), here, the trial court properly construed Detective Flaviani's testimony as a "real mess-up." We also find no error in the trial court's finding that "Detective Flaviani indicated twice during his testimony that he located 1.8 grams of cocaine powder, even though the lab report didn't reflect any other substances located in the trunk tested positive for cocaine." In a case where defendant was charged with possession of cocaine, we concur with the trial court that trial counsel's failure to object to assertions by law enforcement that cocaine was present in a trunk over which defendant had control and had been seen entering earlier in the day, while in possession of a state lab report indicating there was no controlled substance in the trunk, was not a sound trial strategy.

Having concluded that trial counsel's performance fell below an objective standard of reasonableness, the next question becomes whether, but for trial counsel's deficient performance, there is a reasonable probability that the outcome would have been different. *Armstrong*, 490 Mich at 290; *quoting Strickland*, 466 US at 694-696. Thus, the issue becomes one of defendant demonstrating that as a result of trial counsel's performance, he suffered prejudice.

On the issue of prejudice, the prosecutor argues that defense counsel's failure to object was not prejudicial because the lab report and the testimony of Rachel Scott, a forensic chemist with the Oakland County Sheriff's Department Crime Lab, and Detective Wren each informed the jury that the powder found in the trunk was not cocaine and undermined the credibility of Detective Flaviani's testimony. Scott testified that the powder found in the trunk did not test positive as a controlled substance, and Detective Wren testified that the substance was not a controlled substance, but may have been a cutting agent. However, such arguments do not address, much less diminish, the prejudice suffered by defendant from the testimony of Detective Flaviani. As the trial court alluded to during questioning of the attorneys during the motion for a new trial, except for the testimony of Detective Flaviani, it was unclear to the jury from the lab report which item listed on the report had the powder found in the trunk. It was also not clear from the lab report what the powder found in the trunk was, leaving for the jury's consideration the unchallenged evidence from Detective Flaviani that cocaine was present in the trunk.

At a minimum, the record reveals that failure by trial counsel to object to Detective Flaviani's testimony prejudiced defendant by consigning a strong impression with the jury that there was 1.8 grams of cocaine in the trunk of a car which defendant was earlier seen opening and moving objects around. As previously stated, the only other evidence of cocaine was residue found on a scale in defendant's shared apartment. On this record, we concur with the trial court that the testimony of Scott and Detective Wren, and the lab report, did not overcome the prejudicial effect of Detective Flaviani's repeated testimony that the substance in the trunk of the Stratus was cocaine. Accordingly, we assign no error to the trial court's conclusion that the testimony of Detective Flaviani "did prejudice defendant to the point that there was a reasonable probability that but for counsel's errors, the results of the proceedings would have been different." See, *Strickland*, 466 US at 694-696; see, also, *Armstrong*, 490 Mich at 290; *Trakhtenberg*, 493 Mich at 52.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello