*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

IVAN FRANCIS,

Defendant-Appellant.

FOR PUBLICATION
July 20, 2023
9:00 a.m.

No. 364998
Oakland Circuit Court
LC No. 2021-277954-FH

Before: CAMERON, P.J., and BORRELLO and O'BRIEN, JJ.

CAMERON, P.J.

Defendant is charged with engaging the services of a minor for the purpose of prostitution. MCL 750.449a(2). In this interlocutory appeal, defendant appeals by leave granted[1] the circuit court's order denying his motion to quash his bindover.[2] We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The sixteen-year-old victim in this case worked at defendant's business. Defendant called the victim into his private office where he offered her money to perform fellatio on him. The victim refused. Defendant then lifted the victim's shirt and placed his mouth on her breast. The victim reported defendant's conduct to police. Several weeks later, the police tested the victim's shirt for defendant's DNA, but his DNA was not identified.

The district court held a preliminary examination and bound defendant over for trial. Defendant then moved the circuit court to quash the charge of engaging the services of a minor for the purpose of prostitution, arguing that the charging statute did not apply in this case. Specifically,

---

[1] *People v Francis*, unpublished order of the Court of Appeals, entered March 7, 2023 (Docket No. 364998).

[2] Defendant was also bound over on a charge of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(b)(*iii*) (victim at least 13 but less than 16 years of age and defendant in position of authority). His motion to quash did not dispute bindover on this charge.

defendant asserted that his offer to engage the victim for sexual services could not have been for "the purpose of prostitution" because the victim was not a prostitute, and that no consideration was actually exchanged. The circuit court denied defendant's motion to quash, concluding that sufficient evidence had been presented to support the bindover. This appeal followed.

## II.  MOTION TO QUASH

Defendant argues the circuit court erred when it denied defendant's motion to quash because the prosecution did not establish the statutory elements of engaging the services of a minor for purposes of prostitution.[3]  We disagree.

## A.  STANDARD OF REVIEW

"A circuit court's decision to grant or deny a motion to quash charges is reviewed de novo to determine if the district court abused its discretion in binding over a defendant for trial." *People v Jenkins*, 244 Mich App 1, 14; 624 NW2d 457 (2000).  "[W]hether alleged conduct falls within the statutory scope of a criminal law involves a question of law that [this Court] review[s] de novo." *People v Hamblin*, 224 Mich App 87, 91; 568 NW2d 339 (1997).

## B.  LAW AND ANALYSIS

"The primary function of the preliminary examination is to determine whether a crime has been committed and, if so, whether there is probable cause to believe that the defendant committed it." *People v Hunt*, 442 Mich 359, 362; 501 NW2d 151 (1993).  The district court must bind a defendant over to the circuit court if it determines that a felony was committed and that there was probable cause to charge the defendant.  MCL 766.13; *Jenkins*, 244 Mich App at 14.  "A district court's finding of probable cause will not be disturbed unless the determination is wholly unjustified by the record." *Id*.

Defendant's charges included engaging the services of a minor for purposes of prostitution, MCL 750.449a(2), which provides:

> A person who engages or offers to engage the services of another person, who is less than 18 years of age and who is not his or her spouse, for the purpose of prostitution, lewdness, or assignation, by the payment in money or other forms of consideration, is guilty of a crime punishable as provided in [MCL 750.451].

This Court has generally held that prostitution means the exchange of sexual acts for money or other consideration.  See, e.g., *People v Morey*, 230 Mich App 152, 159; 583 NW2d 907 (1998) ("[a] prostitute . . . is a person who does sexual acts for money.").  Even so, the specific elements of engaging the services of a minor for purposes of prostitution have not yet been clarified in any published decision.  In interpreting the plain language of the statute, we adopt the following

---

[3] We note that the parties raise the issue as to whether defendant's actions were "for the purpose of prostitution" only.  Therefore, we will not address whether defendant's offer to the victim constituted "lewdness" or "assignation" under MCL 750.449a(2).

elements, articulated in the Nonstandard Jury Instructions: (1) the defendant engaged or offered to engage the services of another person for the purpose of prostitution; (2) the other person was not defendant's spouse; (3) the other person was less than 18 years of age; and (4) the defendant, in engaging or offering to engage the services, offered payment in money or another form of consideration. See Michigan Nonstandard Jury Instructions, Criminal, § 2:73.

Defendant argues, as he did in the circuit court, that because neither he nor the victim was a prostitute, it was impossible for them to have engaged in prostitution. He further contends that the prosecution presented no evidence that there was an exchange of money or any other form of consideration for sexual services. Thus, he claims the charge must be dismissed.

But MCL 750.449a(2) does not require any of the parties to have a prior experience working as a prostitute. Indeed, whether the victim had previously worked as a prostitute is not an element of the offense. In this case, what is important is that the minor-victim testified that defendant *offered* her money in exchange for her performing fellatio. Similarly, the statute does not require the actual exchange of money; defendant's solicitation of a sexual act for money is sufficient to demonstrate the conduct prohibited under the statute.

In the context of a bindover to the circuit court, "[p]robable cause requires evidence sufficient to make a person of ordinary caution and prudence to conscientiously entertain a reasonable belief of the defendant's guilt." *People v Waltonen*, 272 Mich App 678, 684; 728 NW2d 881 (2006). The facts presented through testimony at the preliminary hearing were sufficient to establish that a felony had been committed and that defendant had committed it, *Hunt*, 442 Mich at 362, and the district court did not abuse its discretion in binding defendant over to the circuit court. Likewise, the circuit court did not err in denying the motion to quash.

### III. DNA EVIDENCE

Defendant argues the bindover was improper because DNA evidence conclusively established his innocence, and thus, the district court abused its discretion when it found probable cause to bind over defendant for trial. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

To preserve this issue for appellate review, a party must file a pretrial motion to quash the information. *People v Noble*, 238 Mich App 647, 658; 608 NW2d 123 (1999). Defendant did not make any argument regarding the DNA evidence in his motion to quash. Thus, this issue is unpreserved.

When an issue is not properly preserved for appellate review, this Court reviews the unpreserved issue for plain error affecting a defendant's substantial rights. *Id*. "[T]he defendant bears the burden to show that (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error prejudiced substantial rights, i.e., the error affected the outcome of the lower court proceedings." *People v Cameron*, 291 Mich App 599, 618; 806 NW2d 371 (2011).

## B.  LAW AND ANALYSIS

Following the offense, the victim gave the shirt she had been wearing to the police to perform a DNA test.  The test results excluded defendant as a possible contributor of the DNA on the shirt.  According to defendant, the lack of DNA evidence on the shirt "conclusively" establishes his innocence.  But he does not explain how a lack of evidence establishes his innocence of engaging the services of a minor for the purpose of prostitution or why bindover was improper in light of the lack of DNA evidence.  "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue."  *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004).  Defendant has abandoned this argument and we decline to consider it now.

Affirmed.


/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien