PEOPLE v BROW

1. CRIMINAL LAW—RIGHT TO PRELIMINARY EXAMINATION—FELONY—
   GRAND JURY INDICTMENT.

   A defendant who has been charged with a felony, but who has
   not been indicted by a grand jury, has the right to a prelimi-
   nary examination.

2. CRIMINAL LAW—RIGHT TO PRELIMINARY EXAMINATION—RIGHT TO
   CROSS-EXAMINE—LARCENY OVER $100—LARCENY OVER $5—IN-
   FORMATION.

   A defendant who was bound over for trial on a charge of larceny
   over $100 was effectively denied the right to a preliminary
   examination on that charge where (1) the defendant was origi-
   nally charged with larceny from a motor vehicle of property
   worth more than $5, (2) the preliminary examination was based
   on the charge of larceny of property worth more than $5, (3)
   the defense conceded the stolen property was worth more than
   $5 and did not cross-examine on the element of value, and (4)
   there was a question whether the property was worth more
   than $100; therefore, failure of the trial court to quash the
   information against defendant under these circumstances was
   error (MCLA 750.356, 750.356a; MSA 28.588, 28.588[1]).

3. SEARCHES AND SEIZURES—SEARCH WITHOUT A WARRANT—PROSECU-
   TION—BURDEN OF PROOF.

   The prosecution, to sustain the validity of a search and seizure
   conducted without a warrant, has the burden of proving that
   the police acted reasonably, possessed probable cause for the
   search, and performed the search pursuant to an exigent
   circumstance, within a specified exception to the warrant re-
   quirement.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 440, 441.
[2] 41 Am Jur 2d, Indictments and Informations §§ 284, 286.
[3–5] 68 Am Jur 2d, Searches and Seizures §§ 99, 100, 102.
[4, 5] 68 Am Jur 2d, Searches and Seizures § 88.
   Search and seizure: Observation of objects in "plain view"—Su-
   preme Court cases. 29 L Ed 2d 1067.

4. Searches and Seizures—Plain View Exception—Warrant Requirement.

The plain view exception to the requirement for a warrant for a search and seizure applies when a police officer sees evidence which is clearly contraband from a place where he has a right to be.

5. Searches and Seizures—Search Without a Warrant—Plain View Exception—Looking In Window.

A seizure of a stolen tool box located inside a house was valid, although the police officer did not have a warrant, where the officer saw the tool box by looking through a window from the front porch of the house, the officer had come to the front porch as part of a legitimate police investigation, the complainant who was with the officer identified the tool box as the stolen one, and the tool box could have been removed in the time needed to obtain a warrant.

Appeal from Livingston, Bert M. Hensick, J. Submitted December 8, 1975, at Lansing. (Docket No. 23886.) Decided February 11, 1976.

Jack R. Brow was convicted of larceny over $100. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas J. Kizer, Jr.,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Dennis M. Powers,* Assistant Attorney General, of counsel), for the people.

*J. David Reck,* for defendant.

Before: McGregor, P. J., and T. M. Burns and N. J. Kaufman, JJ.

Per Curiam. On January 22, 1975, defendant was convicted by a Livingston County Circuit Court jury of larceny over $100, MCLA 750.356; MSA 28.588. Defendant was subsequently sen-

tenced to a term of from three to five years in prison and now appeals of right.

In the original complaint and warrant, the defendant was charged with stealing or unlawfully removing property from an automobile, MCLA 750.356a; MSA 28.588(1). At the beginning of the preliminary examination the assistant prosecutor made the following statement:

"Thank you Your Honor. Your Honor, before I proceed with the evidence I would like to make a motion to ammend [sic] the information. The information is drawn up rather loosely, the particular statute is MSA 28.588 (1) and that statute contains really three classifications of larceny from a vehicle. The one that our information currently charges is stealing, taking or carrying away unlawfully removing or taking certain property to wit: Tool box and tools. I think that the particular section of the statute that that was deleted from or taken from does not actually provide for the inclusion of the tool box or tools, but it refers to radios, wheel covers, that type of thing. I would like to ammend [sic] the information to the portion of that same statute charging removing property *of a value of $5.00* or greater." (Emphasis supplied.)

The district court hearing the preliminary examination granted the amendment. There was no objection by defendant.

Complainant claimed that on the night of the alleged crime he had gone to a bar and had parked his pick-up truck near the rear of the bar. Upon leaving the bar, he discovered that his tool box was missing from his truck. He reported the incident to the state police. The police traced the tool box to defendant. Police then arrested defendant.

At the preliminary examination complainant was questioned as to the value of the stolen property:

"*Q. [Assistant Prosecutor]:* Do you know what the value would have been of your tool box and tools?

"*Mr. Barley [Defense counsel]:* Objection.

"*The Court:* Overruled.

"*A.* Approximately, yes.

"*Q.* What would that have been?

"*A.* About two hundred and thirty dollars.

"*Q.* And that's your *best guess* of what those tools and box were worth?

"*A.* Yes.

"*Q.* To any extent it was greater than *$5.00* in value?

"*A.* Yes." (Emphasis supplied.)

He further testified at the preliminary examination:

"*Q. [Defense counsel]:* And this box of tools that was taken from you that evening, were they the tools that you use in your profession?

"*A.* Yes.

"*Q.* How long have you had those tools?

"*A.* About two years.

"*Q.* Did you buy them new?

"*A.* Yes. Most of them I have had for two years, some of them I have had longer. I had them stole down in Detroit about two years ago and had to buy all new ones.

\* \* \*

"*Q.* What is the brand on your tool box?

"*A.* I don't even know, I bought it at Arlan's or K-Mart or some place, I don't remember even where I bought it.

"*Q.* Do you remember what you paid for it?

"*A.* Twelve or fourteen dollars, something like that."

At the close of the preliminary examination, the prosecutor moved to have defendant bound over for trial on a charge of larceny from a motor vehicle of property in excess of $5 in value, MCLA

750.356a; MSA 28.588(1). The magistrate, however, bound defendant over on a charge of larceny over $100, MCLA 750.356; MSA 28.588. Defense counsel apparently sought to object, but the magistrate told him to reserve his statement until the court had finished binding over the defendant. Defendant waived formal arraignment and stood mute to the charge.

Prior to trial, the defendant's attorney brought a motion to suppress the evidence alleging that the tools were seized as a result of an unconstitutional search and seizure. The defendant also moved that the information be quashed because the defendant had been bound over for trial on an offense which had not been proven and for which he had not been formally charged by a complaint and warrant. The trial court, in an opinion dated January 23, 1975, denied these motions.

Defendant asserts the denial of these motions as two of his four claims of error on appeal. From our review of the record, we find that while the trial court correctly denied defendant's motion to suppress it erred reversibly by denying defendant's motion to quash the information.

When the magistrate bound defendant over for trial on larceny over $100, an offense different from the one for which defendant was charged and on which the preliminary examination was based, he effectively denied defendant a preliminary examination on the charge on which defendant was tried. A defendant charged with a felony and not having been indicted by grand jury has the right to a preliminary examination. *People v Duncan,* 388 Mich 489; 201 NW2d 629 (1972). In the instant case, there was a legitimate question concerning whether the stolen property exceeded $100 in value. The complainant testified that he had pur-

chased the tool box for $12 and had obtained the tools at various times. He made a personal estimate of the stolen goods' worth, one not based on market value but on personal value. Compare *People v Gilbert,* 163 Mich 511, 512; 128 NW 756 (1910). Because the complaint charged a theft of property worth more than $5, defendant conceded the value element and did not cross-examine the complainant concerning this element. The magistrate's alteration of the charged offense, thus, deprived defendant of important cross-examination and, consequently, of his right to a preliminary examination.

Plaintiff's only response is that, if error exists, it is vitiated by the fact that the crime charged in the complaint and the crime on which defendant was tried carry the same penalties. This claim is both unresponsive and untrue. It does not respond to defendant's loss of cross-examination on a significant element. It ignores the differences in elements. Further, while both crimes carry the same maximum sentence, the fine possible for a conviction for larceny over $100 is $2,500 while larceny from a motor vehicle has a fine of up to $1,000. More importantly, if larceny over $100 is charged but the stolen property is worth less than $100, the crime becomes a misdemeanor, MCLA 750.356; MSA 28.588.

Because it may recur if defendant is retried, we will discuss defendant's claim that the stolen tool box was illegally seized.

Steven Malone, a State Trooper, testified at the preliminary examination that he was the officer who responded to Mr. Bloomfield's complaint regarding his missing tools. Trooper Malone then proceeded with the complainant to the home where the vehicle that he (the complainant) had

identified was parked and knocked on the front door. A woman, subsequently identified as the defendant's mother-in-law, Mrs. Rosinski, responded to the knock. When Trooper Malone asked the defendant's mother-in-law who had used the vehicle in question that night, she responded that it had been used by the defendant and his wife. Trooper Malone then asked Mrs. Rosinski if he could speak to the defendant.

While Trooper Malone was standing on the front porch, he peered through the front window of the home and observed a tool box on the floor of the kitchen. He then summoned the complainant to the front porch of the home. Complainant looked through the window and identified the tool box as the stolen item. The defendant was then arrested, advised of his rights and taken into custody.

Where the people seek to sustain the validity of a warrantless search and seizure, they must satisfy their burden of proving that the police acted reasonably, possessed probable cause for the search and performed the search pursuant to an exigent circumstance, one within a specified exception to the warrant requirement. *Coolidge v New Hampshire,* 403 US 443, 454–455; 91 S Ct 2022; 29 L Ed 2d 564 (1971), *People v White,* 392 Mich 404, 410–411; 221 NW2d 357 (1974), *cert den* 420 US 912; 95 S Ct 835; 42 L Ed 2d 843 (1975). In the instant case, the tip supplied by the complainant, soon after the robbery, provided probable cause. We find this search and seizure to be justified by the plain view exception to the warrant requirement. For this exception to apply, the officer must see evidence which is clearly contraband, from a place where he has a right to be. *Harris v United States,* 390 US 234; 88 S Ct 992; 19 L Ed 2d 1067 (1968), *People v Walker,* 64 Mich App 138; 235

NW2d 85 (1975). The tool box, having been identified by the complainant, was contraband. Trooper Malone saw the contraband from a place to which he had come as part of a legitimate police investigation. The evidence could have been removed in the time needed to obtain a warrant. The search and seizure were valid.

Our disposition of this case renders unnecessary any determination of defendant's other claims of error.

Reversed and remanded for proceedings consistent with this opinion.