PEOPLE v JOSEPH

Docket No. 53731. Submitted December 16, 1981, at Detroit.—Decided March 4, 1982. Leave to appeal applied for.

Conrad V. Joseph was convicted by a jury in Wayne Circuit Court of assault with intent to murder and breaking and entering an occupied dwelling with intent to commit an assault with intent to murder. He was sentenced to concurrent prison terms, John M. Wise, J. Defendant appeals. *Held:*

1. The trial court did not commit reversible error by failing to have certain testimony read at the jurors' request. The reading and extent of reading of testimony is a matter confided to the sound discretion of the trial court, and the record in the instant case does not reveal an abuse of discretion by the trial court.

2. Defendant's convictions for both assault with intent to commit murder and breaking and entering an occupied dwelling with intent to commit an assault with intent to murder do not violate constitutional prohibitions against double jeopardy. More than a single criminal act was involved, making multiple punishment appropriate, even though the acts arose out of the same transaction.

3. Defense counsel's error in basing defendant's intoxication defense on the theory that defendant did not have the capacity to form the requisite specific intent rather than on the theory that such specific intent did not in fact exist did not deprive defendant of any alternative theory of negating the specific

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 76 Am Jur 2d, Trial § 1043.

[3] 21 Am Jur 2d, Criminal Law § 266.

[4] 21 Am Jur 2d, Criminal Law § 155.

[5] 21A Am Jur 2d, Criminal Law § 984.

Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

[6] 21 Am Jur 2d, Criminal Law §§ 422, 423.

[7] 21 Am Jur 2d, Criminal Law § 409.

41 Am Jur 2d, Indictments and Informations § 207.

intent element. Defendant was not denied a fair trial by counsel's mistake.

4. The fact that the complaint and information were amended at the conclusion of the preliminary examination did not produce any unfair surprise or prejudice to defendant.

5. The presentence report recommending that defendant not be placed on probation sufficiently complied with the statutory requirement that presentence reports include a specific recommendation for disposition.

Affirmed.

1. TRIAL — READING TESTIMONY TO JURY.

The general rule is that when a jury requests repetition of trial testimony, the reading and extent of reading is a matter confided to the sound discretion of the trial judge.

2. TRIAL — READING TESTIMONY TO JURY.

A trial court cannot simply refuse to grant a jury request to rehear testimony but must exercise its discretion to assure fairness and to refuse unreasonable requests.

3. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENT.

Review, as a matter of state constitutional law, of a double jeopardy claim based upon multiple punishment imposed for a single criminal act focuses upon the proofs adduced at trial; if factually the convictions of separate crimes are based upon proof of a single criminal act, the separate crimes consist of nothing more than a greater crime and certain of its lesser included offenses, and the multiple convictions will not be allowed to stand.

4. CRIMINAL LAW — DEFENSES — INTOXICATION — SPECIFIC INTENT.

An intoxication defense may succeed where, although the defendant retained the capacity to form specific intent, that intent did not in fact exist.

5. CRIMINAL LAW — RIGHT TO FAIR TRIAL — MISTAKE OF COUNSEL.

The standard employed in determining whether a particular mistake of counsel has deprived a defendant of his right to a fair trial is whether, but for the mistake, the defendant would have had a reasonably likely chance for acquittal.

6. CRIMINAL LAW — PRELIMINARY EXAMINATION — MAGISTRATES — COMPLAINT.

An examining magistrate is not bound by the limitations of a written complaint but may consider other matters connected

with the charge and deemed pertinent and may, in his discretion, add a count not originally charged upon a proper motion by the prosecutor.

7. CRIMINAL LAW — PRESENTENCE REPORTS.

A presentence report recommending that a defendant not be placed upon probation sufficiently complies with the statutory mandate that a presentence report include a specific written recommendation for disposition (MCL 771.14; MSA 28.1144).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Richard B. Ginsberg,* Assistant State Appellate Defender, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and BASHARA and R. I. COOPER,* JJ.

PER CURIAM. Defendant was initially charged with felonious assault, MCL 750.82; MSA 28.277, and breaking and entering an occupied dwelling with the intent to commit a felonious assault, MCL 750.110; MSA 28.305. At the conclusion of the preliminary examination, the magistrate granted a prosecution motion to amend the complaint to charge defendant with assault with intent to murder, MCL 750.83; MSA 28.278, and breaking and entering an occupied dwelling with intent to commit an assault with intent to murder, MCL 750.110; MSA 28.305. Defendant was subsequently convicted by a jury of the latter charges and was sentenced to concurrent prison terms of 5 to 10 years for assault with intent to murder and 5

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

to 15 years for breaking and entering with intent to commit an assault with intent to murder. He now appeals as of right.

The complaining witness testified that she returned home from the theater on the evening of January 13, 1980, to find one of her basement windows broken. Inside, she noticed that some bottles of wine had been disturbed and that one bottle contained substantially less wine than when she had left. Once upstairs, the complainant discovered defendant, a prior acquaintance, lying on his back and waving a bottle of wine in the air. She testified that defendant attacked her, using a hammer, a broken bottle and a knife, causing multiple contusions and abrasions and a possible rib fracture. Defendant testified that on the evening in question he consumed alcohol, cocaine and "acid" and could not recall assaulting the complainant.

Defendant first argues that the trial court committed reversible error by failing to have certain testimony reread at the jurors' request. After the jury had deliberated for about 50 minutes, they requested to have defendant's testimony and a portion of the complainant's testimony repeated. The trial court responded:

"The testimony of Mr. Conrad Joseph and the testimony of Miss Grace Thomas will take about a day for the court reporter to read it back. She has to read it back. I am not denying you that, but you can go back and start further deliberations and the exhibits that have been introduced into evidence will be sent to you and then we will see what the situation is.

"I am not refusing to give you the testimony of Mr. Joseph or Miss Thomas, but it will take a day at least. Think how long they were on the stand, and it takes longer than that to read back."

The jurors deliberated for another hour and 20 minutes and again requested a portion of the complainant's testimony. The trial court stated:

"Ladies and gentlemen of the jury, your foreman sent a note and it says the jury still requests the testimony of Miss Thomas up to the time she went to the second neighbor's home.

"You know, ladies and gentlemen of the jury, you just got up there and selected a foreman. You didn't even discuss the cause at all and now you want all the testimony. Now, if you want that testimony, if you feel you cannot proceed further without that testimony, it will take at least the rest of the afternoon and perhaps longer because the court reporter will have to read the testimony from the record. It is not typed up, so she has to read the testimony from the record. It is not typed up, so she has to read it, so if you can proceed further in your deliberations without it, or discuss what is involved and you still feel that you need the testimony of Miss Thomas, she will read it to you this afternoon. So those of you that believe you don't need it, discuss it with those that feel they may need it and if there is any doubt, of course, we will have it read, but you should continue deliberations when you just finished the case this morning. The witnesses were just finished yesterday.

"With that, I am going to release you for lunch and you go to your lunch hour and go back to deliberations. If you feel you want it read, then I will excuse the jury I have and we will have the testimony read to you, do you understand? You are the foreman."

When the jurors returned from lunch they deliberated for another two hours before returning their verdict.

As a general rule, when a jury requests repetition of trial testimony, the reading and extent of reading is a matter confided to the sound discretion of the trial judge. *People v Howe,* 392 Mich 670, 675; 221 NW2d 350 (1974). A trial court

cannot simply refuse to grant a jury request, but must exercise its discretion to assure fairness and to refuse unreasonable requests. *Id., 676.*

The record in the instant case does not reveal an abuse of discretion by the trial court. The court took recognition of two competing considerations: the time that would be spent reviewing the testimony and the jurors' need for the material. He requested the jurors to first utilize their collective memory to try to recall the testimony. The court expressly informed the jury that if they could not resolve their dilemma the material would be re-read. Thus, the court did not foreclose the jurors from rehearing the testimony. We believe the court properly exercised its discretion in this regard. *Cf. People v Rodriguez,* 411 Mich 872; 306 NW2d 102 (1981), *Klein v Wagenheim,* 79 Mich 558; 153 NW2d 663 (1967), *People v Frederick Lester,* 78 Mich App 21, 38-39; 259 NW2d 370 (1977), *rev'd on other grounds* 406 Mich 252; 277 NW2d 633 (1979).

Defendant next contends that his convictions for both assault with intent to commit murder and breaking and entering an occupied dwelling with intent to commit an assault with intent to murder violate constitutional prohibitions against double jeopardy. The essence of defendant's argument is that the dual convictions violate "factual" double jeopardy, that is, defendant contends that he has been doubly punished for what amounted to a single criminal act. Recently, the Supreme Court reiterated the test for evaluating such a claim:

"[W]e find controlling the rationale employed in the trilogy of Michigan cases in which this Court's review of double jeopardy claims based on multiple punishments focused upon the proofs adduced at trial in order to determine whether multiple punishments were im-

posed for the same offense. *People v Cook,* 236 Mich 333; 210 NW 296 (1926); *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976); *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977). If, factually, the convictions in this case are based on proof of a single act, the separate crimes consist of nothing more than a greater crime and certain of its lesser included offenses. If such is the case, the multiple convictions will not be allowed to stand." *People v Jankowski,* 408 Mich 79, 86; 289 NW2d 674 (1980).

In *Jankowski,* the defendant had been convicted of armed robbery, larceny over $100 and larceny in a building as a result of the felonious taking of a cash register containing $400 from a gas station. The Court found a double jeopardy violation since "it was factually and logically impossible for the defendant to be guilty of armed robbery without at once being guilty of larceny in a building and larceny over $100". *Id.,* 89. Under the facts of that case the larceny charges were necessarily included lesser offenses of armed robbery. *Id.,* 91-92.

The instant situation is plainly distinguishable. Under the facts of this case, it cannot be said that the crime of assault with intent to murder was a necessarily included lesser offense of breaking and entering with intent to commit such an assault. It was both factually and logically possible for defendant to have committed the latter offense without actually committing the former. Defendant could have broken in with the intent to commit such an assault and then failed to have done so. Thus, more than a single criminal act was involved, making muliple punishment appropriate, even though the acts arose out of the same transaction. *People v Flores,* 92 Mich App 130, 138-139; 284 NW2d 510 (1979).

Defendant's third appellate claim is that he was denied effective assistance of counsel when his

trial attorney based his intoxication defense on the theory that defendant did not have the capacity to form the requisite specific intent. An intoxication defense may succeed where, although the defendant retained the capacity to form specific intent, that intent did not in fact exist. *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973). The jury instructions in the instant case apprised the jurors of this broader legal standard.

In determining whether a particular mistake of counsel has deprived a defendant of his right to a fair trial, the standard employed is whether, but for the mistake, the defendant would have had a reasonably likely chance for acquittal. *People v Garcia,* 398 Mich 250, 266; 247 NW2d 547 (1976), *People v Degraffenreid,* 19 Mich App 702, 718; 173 NW2d 317 (1969). Here, we cannot say that counsel's error eliminated such a reasonably likely chance. The crux of defendant's intoxication defense was, indeed, that he did not have the capacity to form the specific intent requisite to the charged offenses. There is no contention, nor would the trial testimony support a contention, that the assault was merely some sort of drunken prank, similar to the robbery in *Crittle, supra. Cf. People v Maynard,* 84 Mich App 437, 444; 269 NW2d 631 (1978). Thus, counsel's error did not deprive defendant of any alternative theory of negating the specific intent element. Defendant was not denied a fair trial.

Defendant's penultimate appellate claim is that he was denied the right to notice of the ultimate charges against him and a preliminary examination on those charges when the complaint and information were amended at the conclusion of the preliminary examination. We disagree. An examining magistrate is not bound by the limitations of

the written complaint, but may consider other matters connected with the charge and deemed pertinent, and may in his discretion add a count not orginally charged upon a proper motion by the prosecutor. *People v Mathis (On Remand),* 75 Mich App 320, 329-330 (dissenting opinion by D. E. Holbrook, J.); 255 NW2d 214 (1977). After reviewing the preliminary examination transcript, we do not believe that the amendment produced any unfair surprise or prejudice to defendant. *Cf. People v Brow,* 67 Mich App 407, 410-412; 241 NW2d 227 (1976).

Defendant's final argument on appeal, that resentencing is required since the presentence report did not recommend a specific term of incarceration, is without merit. The pertinent statute only requires that presentence reports "include a specific written recommendation for disposition * * *". MCL 771.14; MSA 28.1144. Here, the presentence report sufficiently complied with the section's mandate by recommending that defendant not be placed on probation.

Affirmed.