## PEOPLE v GONZALEZ

Docket No. 160323. Submitted November 22, 1995, at Grand Rapids. Decided December 12, 1995, at 9:05 A.M.

Ervey Gonzalez, Jr., was charged in the district court with possession of less than twenty-five grams of cocaine. The magistrate concluded that the evidence regarding the quantity of cocaine was indicative of an intent to deliver less than fifty grams and ordered the defendant bound over on the greater charge of possession with intent to deliver less than fifty grams of cocaine. Neither the prosecutor nor the defendant objected. The defendant was then convicted by a jury in the Ottawa Circuit Court, Calvin L. Bosman, J., of possession with intent to deliver less than fifty grams of cocaine. The defendant appealed, alleging that the magistrate erred in binding him over on the greater charge.

The Court of Appeals *held:*

1. The prosecutor, by not objecting to the magistrate's decision to bind the defendant over with regard to the higher charge, tacitly adopted the magistrate's decision, eliminating any violation of the constitution's Separation of Powers Clause, Const 1963, art 3, § 2.

2. A magistrate, in determining whether an offense has been committed by the accused, must conduct an examination in regard to not only the offense charged, but to any other matter connected with that charge. If it appears that a higher offense has been committed, it is the duty of the magistrate, without any further or other preliminary complaint or examination, to issue a new warrant charging the accused with the higher offense and proceed thereon.

3. The magistrate properly determined that the evidence supported the greater charge. The magistrate had the authority to bind over the defendant on the higher charge without a motion by the prosecutor.

Affirmed.

REFERENCES

Am Jur 2d, Constitutional Law §§ 294, 296; Criminal Law § 413.
See ALR Index under Preliminary or Pretrial Matters; Separation of Powers.

1. Criminal Law — Preliminary Examinations — Higher Charges — Prosecutor's Approval — Separation of Powers.

A prosecutor's silence when informed of a magistrate's decision to bind over a defendant on a charge higher than the original charge constitutes a tacit adoption of the magistrate's decision that eliminates any alleged violation of the constitution's Separation of Powers Clause (Const 1963, art 3, § 2).

2. Criminal Law — Preliminary Examinations — Higher Charges — Prosecutor's Approval — Separation of Powers.

A magistrate may determine, after examining all matters connected with the charged offense, that the evidence supports a higher charge and, without a motion by the prosecution and with the express or tacit approval of the prosecution, bind over the defendant on the higher charge; such procedure does not violate the constitution's Separation of Powers Clause (Const 1963, art 3, § 2).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Ronald J. Frantz,* Prosecuting Attorney, and *Jon H. Hulsing,* Assistant Prosecuting Attorney, for the people.

*Edward Wishnow,* for the defendant.

Before: Saad, P.J., and Marilyn Kelly and M. J. Matuzak,* JJ.

Marilyn Kelly, J. Defendant appeals as of right following his conviction for possession with intent to deliver less than 50 grams of cocaine. MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). He argues that the magistrate erred when he sua sponte bound him over on a charge greater than that brought by the prosecutor. We affirm.

I

Defendant was originally charged with possession of less than 25 grams of cocaine in violation

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v). The preliminary examination testimony revealed that law enforcement officers of the West Michigan Enforcement Team received tips that Gary Bolte was selling drugs from a bar in Holland, Michigan. The police observed Bolte, defendant and two other people driving from Bolte's residence to the My Place Bar in Grand Rapids, where drug transactions were known to take place.

Based on the police surveillance and Bolte's suspicious driving, the police stopped the car as it returned to Holland from Grand Rapids. They observed defendant attempt to throw something from the car. A search of the vehicle revealed a white powdery substance on the seat and floor of the passenger side where defendant was seated. They also found thirty-eight grams of cocaine in a container in the car.

The magistrate concluded that there was probable cause to believe that both defendant and Bolte possessed the cocaine in the container. He also found that the quantity of cocaine was indicative of an intent to deliver. Therefore, he ordered defendant bound over on the greater charge of possession with intent to deliver less than 50 grams of cocaine. Neither the prosecution nor defendant objected.

II

This Court has previously held that an examining magistrate, after reviewing the evidence, may add a count not originally charged following a proper motion by the prosecutor. *People v Joseph,* 114 Mich App 70, 77-78; 318 NW2d 609 (1982). Defendant argues that *Joseph* stands for the proposition that a magistrate may add a new count only after a motion by the prosecutor. He asserts

that the magistrate's actions in this case violated the doctrine of separation of powers.

He analogizes this case to those where the trial court has usurped the power of the prosecution by sua sponte dismissing or reducing a charge. For example, in *Genesee Prosecutor v Genesee Circuit Judge*,[1] the Michigan Supreme Court held that the trial court overstepped its authority by amending the defendant's information. There, the judge accepted a plea to a newly charged lesser offense over the prosecutor's objections.

In *People v Morrow*,[2] this Court held that the trial court cannot sua sponte dismiss the prosecution's case where the sole complaining witness recanted her preliminary examination testimony. The opinion highlighted the independent functions performed by the trial court and the prosecutor. It held that the trial court could not substitute its judgment for that of the magistrate or the prosecutor, absent an abuse of discretion. See, also, *People v Nelson,* 66 Mich App 60; 238 NW2d 201 (1975); *People v Stewart,* 52 Mich App 477; 217 NW2d 894 (1974).

The case before us today differs significantly from those defendant cites. First, the prosecutor did not raise an objection to the magistrate's decision to bind defendant over on the higher charge. The prosecutor's silence constituted a tacit adoption of the magistrate's decision, eliminating any violation of the separation of powers clause.

Second, the cases cited by defendant dealt with factual situations where a trial court judge, not the magistrate, acted outside the judge's authority. As early as 1876, the Michigan Supreme Court explained the duties of the magistrate. *Yaner v*

---

[1] 386 Mich 672, 682-685; 194 NW2d 693 (1972).

[2] 214 Mich App 158; 542 NW2d 324 (1995).

*People,* 34 Mich 286, 288 (1876). The Court held that the magistrate has an obligation to determine, based upon the whole examination, whether an offense was committed by the accused. The magistrate must conduct an examination in regard not only to the offense charged, but to any other matter connected with that charge. *Id.* The Court stated:

> [I]f it should appear, either upon the whole examination, or at any time during the progress thereof, that a higher offense, either of the same or a different degree than that charged in the warrant, had been committed, it would then be the duty of the magistrate, without any further or other preliminary complaint or examination, to issue a new warrant charging such accused with the higher offense, and proceed thereon as in other cases. [*Id.* at 289-290.]

We hold that the magistrate properly determined, after examining all matters connected with the charge of possession, that the evidence supported the higher charge of possession with intent to deliver. *Yaner, supra.* The magistrate had the authority to bind defendant over on that charge without a motion by the prosecutor and did not violate the separation of powers clause.[3]

Affirmed.

[3] We emphasize that this decision does not address whether the magistrate could increase the charge at the preliminary examination over an objection by the prosecution. Furthermore, defendant has not raised the issue whether he was prejudiced by not receiving a second preliminary examination after the judge determined that the evidence supported the higher charge.