PEOPLE v BAUGH

Docket No. 225795. Submitted September 6, 2000, at Detroit. Decided
October 13, 2000, at 9:00 A.M. Leave to appeal sought.

Randy L. Baugh, following a preliminary examination in the 50th Dis-
trict Court, Leo Bowman, J., on a grand jury indictment for first-
degree premeditated murder, was bound over for trial in the Oak-
land Circuit Court on a charge of second-degree murder after the
district court rejected the prosecution's motion for a bindover on a
charge of open murder. The district court ruled that it was bound
to follow the indictment and consider only first-degree premedi-
tated murder or the lesser included offense of second-degree mur-
der. The prosecution moved in the circuit court to amend the
charge to open murder. The circuit court, Fred M. Mester, J.,
denied the motion. The prosecution appealed by leave granted.

The Court of Appeals *held*:

1. The prosecution properly followed the procedure for appealing
the district court's bindover decision. The prosecution was not
required to seek leave to appeal the district court's ruling, but
could file a motion to amend the information in the circuit court.

2. Just as a complaint does not constrain an examining magis-
trate to bind over only on the charges contained in the complaint,
an indictment does not constrain a magistrate to bind over only on
the charges contained in the indictment. The magistrate may
examine not only the truth of the charge in the complaint or the
indictment, but also other pertinent matters related to the charge.
In this case, the district court erred in concluding that the grand
jury indictment prevented it from binding over the defendant on a
charge of open murder.

3. This matter must be remanded to the district court so that it
may determine whether the evidence presented by the prosecution
supported a bindover on a charge of open murder. The prosecutor
is under no obligation to specify the degree of the murder at issue
or to present evidence of premeditation and deliberation to support
a bindover on a charge of open murder.

Reversed and remanded.

CRIMINAL LAW — PRELIMINARY EXAMINATIONS — BINDOVERS — COMPLAINTS —
INDICTMENTS.

A complaint or a grand jury indictment does not constrain an examin-
ing magistrate to bind over only on the charge or charges con-

tained in the complaint or the indictment; the magistrate may bind over on an additional charge where the prosecution satisfies the burden of showing that the additional crime was committed and there is probable cause to believe that the defendant committed it (MCL 766.13; MSA 28.931).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, and *Joyce F. Todd*, Assistant Prosecuting Attorney, for the people.

*Ribitwer & Sabbota* (by *Jerome Sabbota*), for the defendant.

Before: GRIBBS, P.J., and NEFF and O'CONNELL, JJ.

O'CONNELL, J. We granted the prosecutor's request for leave to appeal in this case to consider the trial court's denial of the prosecutor's motion to amend the charge against defendant from second-degree murder, MCL 750.317; MSA 28.549, to open murder, pursuant to MCL 750.316; MSA 28.548 and MCL 767.71; MSA 28.1011. We hold that the district court erred in concluding that a grand jury indictment of defendant on first-degree premeditated murder prevented it from binding defendant over on a charge of open murder. This case arises out of the prosecutor's allegations that defendant shot and killed the victim during a drug transaction in September 1989.

A grand jury indicted defendant on February 25, 1999, and charged him with first-degree premeditated murder, MCL 750.316; MSA 28.548. At the preliminary examination on April 8, 1999, Daniel Franklin testified that he saw defendant shoot the victim. The victim had driven his automobile to the area to purchase drugs, and Franklin admitted that he was engaged in selling drugs at the time of the incident. Another witness, Derin Wilson, testified that he saw defendant

struggle with the victim, but he denied seeing or hearing a gunshot. Wilson further testified that defendant returned to the house of Audrey Gordon after the struggle, and that defendant was holding a gun and crying. Gordon testified that she heard a gunshot after defendant went to the victim's automobile, but that she did not see the actual shooting. Gordon also testified that defendant came back to her house later that day, that she saw defendant with a gun, and that she heard defendant admit shooting someone.

At the close of the prosecution's proofs at the preliminary examination, defendant indicated that he did not intend to present any evidence. Thereafter, the prosecutor moved to bind over defendant on a charge of open murder, instead of first-degree premeditated murder. Defendant objected and argued that the prosecution failed to present evidence of first-degree premeditated murder and that the prosecutor could only charge him with second-degree murder. The district court ruled that the prosecution failed to show premeditation in accordance with the grand jury indictment. The district court determined that it was bound to follow the indictment and consider only first-degree premeditated murder, MCL 750.316(1)(a); MSA 28.548(1)(a), or the lesser included offense of second-degree murder, MCL 750.317; MSA 28.549. On the basis of its finding that the prosecutor failed to show premeditation, the district court denied the prosecutor's motion and bound defendant over on a charge of second-degree murder.

On February 4, 2000, the prosecutor filed a motion in the Oakland Circuit Court to amend the charge of second-degree murder to open murder, contending that the district court erred as a matter of law in

denying the motion to bind over defendant on the open murder charge. In contrast, defendant argued that the district court properly reduced the charge to second-degree murder. Defendant further contended that the circuit court could not change the substance of the charge because the proper procedure was for the prosecutor to seek appellate review of the district court's ruling, not a motion to amend. Defendant also asserted that he received no notice that he would have to defend against open murder at the preliminary examination and that, had he known, his defense would have been different. The trial court denied the motion without explanation. This Court then granted the prosecutor's application for leave to appeal.

The issue for our consideration is whether the district court committed legal error when it concluded that it was bound to follow the grand jury's indictment of defendant on a charge of first-degree premeditated murder and therefore could not bind over defendant on a charge of open murder. Resolution of this issue involves a question of law. We review such questions de novo. *People v Riggs*, 237 Mich App 584, 587; 604 NW2d 68 (1999).

First, contrary to defendant's argument on appeal, the prosecutor in this case properly followed the procedure for appealing the district court's bindover decision. The prosecutor was not required to seek leave to appeal the district court's ruling, but could file a motion to amend the information in the circuit court. *People v Goecke*, 457 Mich 442, 458; 579 NW2d 868 (1998).

In our state, a prosecution must be based on an information or an indictment. MCR 6.112(B). Whether a complaint or a grand jury indictment is the source

of the criminal charges against the defendant, both the prosecutor and the defendant are entitled to a prompt preliminary examination, unless otherwise waived. MCL 766.1; MSA 28.919; MCR 6.110(A); *People v Duncan*, 388 Mich 489, 502; 201 NW2d 629 (1972). A defendant cannot be bound over after the preliminary examination unless the prosecutor has satisfied the burden of showing that "a crime has been committed" and that "there is probable cause to believe the defendant committed it." *People v Johnson*, 427 Mich 98, 104-105; 398 NW2d 219 (1986). See also MCL 766.13; MSA 28.931. Even if the evidence conflicts or reasonable doubt exists concerning the defendant's guilt, if the prosecutor shows probable cause that the defendant committed a felony, the district court is required to bind over the defendant and leave those issues for the trier of fact. *People v Hill*, 433 Mich 464, 469; 446 NW2d 140 (1989).

Once the preliminary examination is completed, "[i]t is the bindover, or waiver, that authorizes the prosecution to file an information against the defendant in circuit court." *People v Hunt*, 442 Mich 359, 362; 501 NW2d 151 (1993). See also MCL 767.42(1); MSA 28.982(1). The preliminary examination, therefore, is a prerequisite to the prosecutor's filing of an information, whether the process is initiated with a complaint or an indictment. MCL 767.42(1); MSA 28.982(1); *Johnson*, *supra* at 105-106. Moreover, the information issued after the preliminary examination is predicated on the charges on which the magistrate binds over the defendant. The information is presumptively framed with reference to the facts disclosed at the examination that followed the arrest. Consequently, after the preliminary examination, the

district court determines the charges on which the defendant can be bound over based on the examination evidence. *Hunt, supra* at 363; *People v Glass*, 235 Mich App 455, 476; 597 NW2d 876 (1999) (O'CONNELL, J., dissenting); *People v Kahler*, 93 Mich 625, 627; 53 NW 826 (1892). In other words, in its decision to bind over the defendant, the complaint does not constrain the magistrate. Rather, the magistrate "may examine not only the truth of the charge in the complaint, but also other pertinent matters related to the charge." *Hunt, supra* at 363; See also *People v Joseph*, 114 Mich App 70, 77-78; 318 NW2d 609 (1982). It follows from the foregoing that after the preliminary examination, where the original charging instrument is an indictment, the magistrate is not required to bind over the defendant only on the charges contained in the indictment. In other words, a district court has the same discretion to bind over the defendant after a preliminary examination following the prosecutor's filing of an indictment as it does after a preliminary examination following the filing of a complaint.

In this case, therefore, the grand jury indictment did not constrain the district court in its decision whether to bind over defendant on the charge of open murder. Once the prosecutor presented evidence at the preliminary examination showing that defendant may have committed another felony, the district court should have made a determination whether a felony was committed and whether probable cause existed to believe that defendant was the individual who committed it. *Hunt, supra* at 362. The district court refused to engage in that analysis because it determined that it was bound to follow the indictment.

The prosecutor was not required to specify the degree of murder at issue. *Johnson, supra* at 107-108. Additionally, the prosecutor did not need to present evidence of premeditation and deliberation during the preliminary examination to support a bindover on a charge of open murder. *People v Coddington,* 188 Mich App 584, 593-594; 470 NW2d 478 (1991), citing *Johnson, supra* at 107-109. Because we hold that the district court erred in concluding that the grand jury indictment prevented it from binding over defendant on a charge of open murder, we remand to the district court so that it may determine whether the evidence that the prosecutor presented during the preliminary examination supported a bindover on open murder.[1]

Reversed and remanded to the district court for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[1] On remand, the district court is free to reopen the proofs to allow both the prosecutor and defense counsel to submit additional evidence.