PEOPLE v BAUGH (ON REMAND)

Docket No. 225795. Submitted October 2, 2001, at Detroit. Decided January 4, 2002, at 9:05 A.M.

Randy L. Baugh, following a preliminary examination in the 50th District Court, Leo Bowman, J., on a grand jury indictment for first-degree premeditated murder, was bound over for trial in the Oakland Circuit Court on a charge of second-degree murder after the district court rejected the prosecution's motion for a bindover on a charge of open murder. The district court ruled that it was bound to follow the indictment and consider only first-degree premeditated murder or the lesser included offense of second-degree murder. The prosecution moved in the circuit court to amend the charge to open murder. The circuit court, Fred M. Mester, J., denied the motion. The prosecution appealed by leave granted. The Court of Appeals, GRIBBS, P.J., and NEFF and O'CONNELL, JJ., reversed and remanded the matter to the district court for a determination whether the evidence presented by the prosecution supported a bindover on a charge of open murder, holding that where a defendant is indicted by a grand jury, the indictment does not constrain the district court's bindover following preliminary examination. 243 Mich App 1 (2000). The defendant sought leave to appeal to the Supreme Court, which, in lieu of granting leave, remanded the matter to the Court of Appeals for reconsideration in light of *People v Glass (After Remand)*, 464 Mich 266 (2001). 465 Mich 863 (2001).

On remand, the Court of Appeals *held*:

1. The Supreme Court held in *Glass (After Remand)* that a defendant does not have a substantive right to a preliminary examination following indictment by a grand jury. Consequently, any issue in this case pertaining to error arising from the preliminary examination is now moot and will not be reviewed.

2. The information filed in the circuit court charging the defendant with second-degree murder is null and void because it followed from the district court's bindover after preliminary examination and was filed pursuant to the invalid scheme set forth in MCR 6.112(B) that purported to allow an indictment to substitute for a

complaint. With the information filed being null and void, this case is before the circuit court on the grand jury indictment.

Information vacated; case remanded to the circuit court.

CRIMINAL LAW — GRAND JURY INDICTMENTS — PRELIMINARY EXAMINATIONS.

A defendant who has been indicted by a grand jury does not have a substantive right to a preliminary examination.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, and *Joyce F. Todd*, Chief, Appellate Division, for the people.

*Ribitwer & Sabbota* (by *Jerome Sabbota*), for the defendant.

ON REMAND

Before: BANDSTRA, C.J., and NEFF and O'CONNELL, JJ.

O'CONNELL, J. This case is before us on remand from our Supreme Court for reconsideration in light of *People v Glass (After Remand)*, 464 Mich 266; 627 NW2d 261 (2001). 465 Mich 863 (2001). In our first opinion, *People v Baugh*, 243 Mich App 1, 6; 620 NW2d 653 (2000), we concluded that where a defendant is indicted by a grand jury, the indictment does not constrain the magistrate's subsequent bindover following a preliminary examination. However, in *Glass, supra* at 271, our Supreme Court ruled that a grand jury indictee does not possess the substantive right to a preliminary examination. On reconsideration, we vacate the information and remand the case to the circuit court.

The facts of this case were set forth in our earlier opinion.

A grand jury indicted defendant on February 25, 1999, and charged him with first-degree premeditated murder, MCL 750.316; MSA 28.548. At the preliminary examination on April 8, 1999, Daniel Franklin testified that he saw defendant shoot the victim. The victim had driven his automobile to the area to purchase drugs, and Franklin admitted that he was engaged in selling drugs at the time of the incident. Another witness, Derin Wilson, testified that he saw defendant struggle with the victim, but he denied seeing or hearing a gunshot. Wilson further testified that defendant returned to the house of Audrey Gordon after the struggle, and that defendant was holding a gun and crying. Gordon testified that she heard a gunshot after defendant went to the victim's automobile, but that she did not see the actual shooting. Gordon also testified that defendant came back to her house later that day, that she saw defendant with a gun, and that she heard defendant admit shooting someone.

At the close of the prosecution's proofs at the preliminary examination, defendant indicated that he did not intend to present any evidence. Thereafter, the prosecutor moved to bind over defendant on a charge of open murder, instead of first-degree premeditated murder. Defendant objected and argued that the prosecutor failed to present evidence of first-degree premeditated murder and that the prosecutor could only charge him with second-degree murder. The district court ruled that the prosecution failed to show premeditation in accordance with the grand jury indictment. The district court determined that it was bound to follow the indictment and consider only first-degree premeditated murder, MCL 750.316(1)(a); MSA 28.548(1)(a), or the lesser included offense of second-degree murder, MCL 750.317; MSA 28.549. On the basis of its finding that the prosecutor failed to show premeditation, the district court denied the prosecutor's motion and bound defendant over on a charge of second-degree murder.

On February 4, 2000, the prosecutor filed a motion in the Oakland Circuit Court to amend the charge of second-degree murder to open murder, contending that the district court erred as a matter of law in denying the motion to bind over defendant on the open murder charge. In contrast,

defendant argued that the district court properly reduced the charge to second-degree murder. Defendant further contended that the circuit court could not change the substance of the charge because the proper procedure was for the prosecutor to seek appellate review of the district court's ruling, not a motion to amend. Defendant also asserted that he received no notice that he would have to defend against open murder at the preliminary examination and that, had he known, his defense would have been different. The trial court denied the motion without explanation. This Court then granted the prosecutor's application for leave to appeal. [*Baugh, supra* at 2-4.]

After we issued our first decision, defendant sought leave to appeal in the Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded to this Court for reconsideration in light of *Glass, supra.*

In *Glass,* our Supreme Court addressed its earlier decision in *People v Duncan,* 388 Mich 489; 201 NW2d 629 (1972). In *Duncan,* the Court exercised its "inherent power . . . to deal with . . . matter[s] of criminal procedure" to hold that a grand jury indictee is entitled to a preliminary examination. *Id.* at 502. However, the *Glass* Court concluded that by rendering such a holding, the *Duncan* Court "exceed[ed] th[e] [Supreme] Court's rulemaking authority." *Glass, supra* at 282. Justice WEAVER, writing for the majority, explained:

> The establishment of the right to a preliminary examination is more than a matter of procedure and beyond the powers vested in the Court by Const 1963, art 6, § 5; it is a matter of public policy for the legislative branch. *Shannon v Ottawa Circuit Judge,* 245 Mich 220, 222; 222 NW 168 (1928); *People v Piasecki,* [333 Mich 122, 143; 52 NW2d 626 (1952)]; *Glancy v Roseville,* 457 Mich 580, 590; 577 NW2d 897 (1998). *Duncan* and MCR 6.112(B) are also inconsistent

with MCL 767.2, which provides for equivalency in the law between indictments and informations.

We reverse *Duncan,* insofar as it afforded indictees the right to a preliminary examination. [*Glass, supra* at 282-283.][1]

In our earlier opinion, we reversed and remanded to the district court on the basis of error at the preliminary examination following defendant's indictment by the grand jury. However, our Supreme Court's opinion in *Glass, id.* at 283, makes it abundantly clear that defendant did not have the substantive right to a preliminary examination following his indictment by the grand jury. Consequently, any issue pertaining to error arising from the preliminary examination is now moot. This Court generally will not review a moot issue. *Jackson v Thompson-McCully Co, LLC,* 239 Mich App 482, 493; 608 NW2d 531 (2000).

Further, the information filed in the circuit court charging defendant with second-degree murder, MCL 750.317, is null and void because it followed from the magistrate's bindover after the preliminary examination. MCL 767.42(1); *People v Hunt,* 442 Mich 359, 362; 501 NW2d 151 (1993) ("It is the bindover, or waiver, that authorizes the prosecution to file an information against the defendant in circuit court"); *People v Johnson,* 427 Mich 98, 105; 398 NW2d 219 (1986) (opinion of BOYLE, J.). Moreover, like the information in *Glass, supra* at 283, the information in the instant case was filed pursuant to the "invalid scheme set forth in MCR 6.112(B) that purported to allow an

---

[1] The Supreme Court also rejected *Duncan's* implementing court rules, MCR 6.110, 6.112(B). *Glass, supra* at 271, 279, 283.

indictment to substitute for a complaint."[2] Accordingly, where the information is null and void, "[t]his case stands filed in the circuit court on the grand jury indictment." *Glass, supra* at 283.

Information vacated and case remanded to the circuit court for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[2] As was the case in *Glass, supra* at 283, the present record does not contain a "complaint stating the substance of the accusation or reasonable cause to believe . . . [defendant] committed the offense as required by MCL 764.1d, nor was there a preliminary examination on a complaint as required by MCL 767.42."