*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

JMICHAEL ANTWINE JOHNSON III, also known
as J'MICHAEL ANTWINE JOHNSON,

       Defendant-Appellee.

UNPUBLISHED
December 10, 2020

No. 350222
Wayne Circuit Court
LC No. 19-001696-01-FC

Before: LETICA, P.J., and RIORDAN and CAMERON, JJ.

PER CURIAM.

Following a preliminary examination, defendant was bound over on one count of open murder, MCL 767.71, one count of assault with the intent to commit murder ("AWIM"), MCL 750.83, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant filed a motion to quash the information in the circuit court which the circuit court granted in part. The circuit court dismissed the open murder charge and the related felony-firearm charges, reduced the AWIM charge to assault with the intent to do great bodily harm ("AWIGHB"), and denied defendant's motion to quash regarding the assault-related felony-firearm charge. Subsequently, the prosecution sought leave to appeal with this Court, which we granted. *People v Johnson*, unpublished order of the Court of Appeals, entered August 30, 2019 (Docket No. 350222). We reverse the circuit court's order granting defendant's motion to quash and remand this case to the circuit court for further proceedings.

## I. FACTS & PROCEDURAL HISTORY

This case arises out of fatal shooting of Chance William Bush. Defendant had a personal protection order (PPO) and a civil injunction ordering Bush not to contact him. On January 10, 2018, defendant was in a vehicle stopped at the intersection of East Warren Avenue and Marseilles Street in Detroit, Michigan. Bush pulled up closely behind defendant at the intersection, exited his car, and ran up to defendant's car. While Bush approached, defendant exited his car, and the two men started fighting. Defendant shot Bush twice and Bush ran away. Defendant chased him down, hit him on the head with the gun knocking him to the ground. Then defendant beat Bush

-1-

for over one and a half minutes while Bush lay on the ground and said, "I told you I was gone get you," and "I told you I was gone catch you. What you got to say now?" Adam Pitts, Jr., and Michael Murphy saw defendant beat Bush and told defendant to stop. Defendant stopped, and soon thereafter, the police arrived and arrested defendant. Bush died as a result of two gunshot wounds to his chest.

At the preliminary examination, defendant argued that he should not be bound over on the charges because he acted in self-defense. The district court concluded that, although defendant may have a claim of self-defense with regard to the open murder and related felony-firearm charges, the evidence established probable cause to believe that defendant committed the charged crimes and bound defendant over. Subsequently, defendant filed a motion to quash the information in the circuit court and argued that the district court erred by binding him over on all charges because he acted in justifiable self-defense. Following a hearing on the motion, the circuit court agreed with defendant and concluded that the district court abused its discretion when it bound defendant over on the open murder and related felony-firearm charges. The circuit court also concluded that it was an abuse of discretion for the district court to bind defendant over on the AWIM and related felony-firearm charges because there was no evidence presented that defendant intended to kill Bush. However, the circuit court concluded that the probable cause standard was met for a charge of AWIGBH, and accordingly bound defendant over on that charge and the related felony-firearm charges. This appeal followed.

## II. ANALYSIS

The prosecution established probable cause that defendant committed open murder and the related felony-firearm charge, and defendant's self-defense claim raised a question of fact for the jury. When there is a challenge to the trial court's review of a bindover decision, we review the issue de novo "to determine whether the district court abused its discretion, giving no deference to the circuit court's decision." *People v Norwood*, 303 Mich App 466, 468; 843 NW2d 775 (2013). An abuse of discretion occurs when a decision falls outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). "[R]eview of the bindover decision involves examination of the entire preliminary examination record, and [the reviewing court] may not substitute its judgment for that of the lower court." *Norwood*, 303 Mich App at 468.

The primary function of a preliminary examination is to determine if a crime has been committed and, if so, whether there is probable cause to believe that it was committed by the defendant. *People v Redden*, 290 Mich App 65, 83; 799 NW2d 184 (2010).

> Probable cause is established by evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt. In order to establish that a crime has been committed, the prosecution need not prove each element beyond a reasonable doubt, but must present some evidence of each element. If the evidence conflicts or raises a reasonable doubt concerning the defendant's guilt, the defendant should nevertheless be bound over for trial, at which the trier of fact can resolve the questions. [*Id.* at 83-84 (quotation marks and citations omitted).]

At the preliminary examination, the district court must consider the weight and competency of the evidence and the credibility of the witnesses and evidence in defense. *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003). "When a defense is complete and there are no conflicting facts regarding the defense, it could be argued that there was no probable cause to believe that a crime had been committed." *Redden*, 290 Mich App at 84, citing *People v Waltonen*, 272 Mich App 678, 690 n 5; 728 NW2d 881 (2006). However, the district court cannot refuse to bind a defendant over for trial if the evidence conflicts or raises reasonable doubt regarding a defendant's guilt because this presents an issue for the trier of fact. *Redden*, 290 Mich App at 84; *Yost*, 468 Mich at 133-134. This is because unlike a jury, "a magistrate may legitimately find probable cause while personally entertaining some reservations regarding guilt." *Yost*, 468 Mich at 133-134.

To bind a defendant over for open murder, the prosecution must present evidence that a murder occurred. *People v Coddington*, 188 Mich App 584, 592-594; 470 NW2d 478 (1991). A murder is essentially an intentional killing committed with malice and without a justification or an excuse. *People v Mesik (On Reconsideration)*, 285 Mich App 535, 545-547; 775 NW2d 857 (2009). When a defendant is charged with open murder, the prosecution is not required to specify the degree of murder at issue, because the jury determines the degree of murder upon finding the defendant guilty. *People v Baugh*, 243 Mich App 1, 7; 620 NW2d 653 (2000). Moreover, the elements of premeditation and deliberation do not need to be established to bind a defendant over for trial on an open murder charge. *Coddington*, 188 Mich App at 592-594. "Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *People v Baskerville*, __ Mich App __, __; __ NW2d __ (2020) (Docket No. 345403); slip op at 3 (quotation marks and citations omitted). Intent may be established by circumstantial evidence and the reasonable inferences arising from that evidence. *People v Clark*, 330 Mich App 392, __; __ NW2d __ (2019) (Docket No. 343607); slip op at 17. "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Johnson*, 293 Mich App 79, 82-83; 808 NW2d 815 (2011).

At the preliminary examination it was undisputed that, following the altercation with defendant, Bush died from two gunshot wounds to his chest. Pitts and Murphy testified that they heard gunshots just moments before seeing defendant and Bush fighting. Pitts and Murphy also testified that, after defendant stopped beating Bush, they approached Bush and saw a broken handgun lying on the ground next to his body. Murphy testified that defendant stated that the gun was his and defendant took both pieces of the handgun with him to his car. The evidence demonstrated that defendant shot Bush in the chest twice at close range. After shooting Bush, defendant chased Bush, bludgeoned Bush's head with a gun, and beat Bush for over a minute and a half. While defendant beat Bush, defendant was saying "I told you I was gone get you," "I told you I was gone catch you," "[y]ou not gone threaten me and my girl no more." Immediately after beating Bush, defendant told Pitts and Murphy that defendant "got what's coming to him."

At the preliminary examination, defendant argued that he acted in self-defense. MCL 780.972(1)(a) permits the use of deadly force in self-defense when a person has an "honest and reasonable belief that there is a danger of death [or] great bodily harm[.]" *People v Guajardo*, 300 Mich App 26, 35; 832 NW2d 409 (2013). "[A] defendant does not act in justifiable self-defense when he or she uses excessive force or when the defendant is the initial aggressor." *Id*.

Defendant argued that he was acting in self-defense when he shot Bush because he believed that Bush was going to follow through with the numerous threats he previously made to defendant. In support of this claim, defendant presented evidence of the PPO and civil injunction which he had against Bush and evidence that Bush violated the PPO on November 24, 2017, and November 26, 2017, by calling defendant and leaving threating voicemails. However, the evidence presented at the preliminary examination at best raised a question of fact for the jury regarding whether defendant acted in self-defense. When Bush approached defendant's car, defendant was inside with the windows rolled up, and Bush was unarmed. The surveillance footage showed that, as Bush approached defendant's car, defendant exited his car, and immediately began fighting with Bush. There was no evidence presented to suggest that Bush was armed or that he threatened defendant as he approached defendant's car. There was no evidence presented to explain why defendant believed that he was in danger of imminent death or great bodily harm. Furthermore, there is no evidence to demonstrate that defendant honestly and reasonably believed that it was necessary for him to use deadly force under the circumstances.

Defendant's self-defense claim could raise a reasonable doubt regarding his guilt but, as previously stated, a district court "cannot discharge a defendant if the evidence conflicts or raises reasonable doubt concerning a defendant's guilt because this presents an issue for the trier of fact." *Redden*, 290 Mich App at 84. Therefore, the district court properly bound defendant over on the open murder and related felony-firearm charges and the circuit court erred by quashing those charges.

The circuit court erroneously concluded that the district court mistakenly bound defendant over despite finding that defendant acted in self-defense. Rather, a review of the record demonstrates that the district court concluded that defendant did *not* act in self-defense because he pursued Bush after Bush no longer posed any threat to defendant.

Next, the prosecution established probable cause that defendant committed AWIM and the circuit court erred by reducing the charge to AWIGBH. The elements of assault with the intent to commit murder are "(1) an assault, (2) with actual intent to kill, (2) which, if successful, would make the killing murder." *People v Jackson*, 292 Mich App 583, 588; 808 NW2d 541 (2011). "The intent to kill may be proved by inference from any facts in evidence." *Id*. Furthermore, "[a]n actor's intent may be inferred from all of the facts and circumstances, and because of the difficultly in proving an actor's state of mind, minimal circumstantial evidence is sufficient." *People v Harverson*, 291 Mich App 171, 178; 804 NW2d 757 (2010).

After shooting Bush twice, defendant chased Bush, hit him on the head with his gun, and beat him for a minute and a half while he lay on the ground. While beating Bush, defendant said that Bush "got what's coming to him" and "you not gone threaten me and my girl no more." Defendant only stopped after Pitts and Murphy yelled at him to stop and defendant told Pitts, "You don't understand. I told him I was gone catch him." On this basis, sufficient evidence was presented to persuade a careful and reasonable person to believe that defendant committed an assault with the intent to commit murder. Accordingly, the circuit court substituted its own judgment for that of the district court and erroneously reduced defendant's assault with the intent to commit murder charge to assault with the intent to do great bodily harm.

## III. CONCLUSION

We reverse the circuit court's order granting in part defendant's motion to quash, reinstate the charges, and remand to the circuit court for further proceedings. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Michael J. Riordan
/s/ Thomas C. Cameron